# Tennessee Coal, Iron & Railroad Co. *v.* Wright.

### *Damages for Polluting Stream.*

(Decided April 22, 1915.  68 South. 339.)

1. *Waters and Watercourses; Pollution; Evidence.*—In view of the admission of defendant that it discharged its by-products in the stream it was, under the evidence in this case, a question for the jury to determine whether pollution resulted.

2. *Same; Instruction.*—Where the action was for damages for polluting a stream, the waters of which plaintiff's cattle drank to their

detriment, charges denying recovery if the plaintiff did not take his cattle away from the water as soon as he ascertained that it was injuring them, were properly refused where they did not hypothesize the fact of plaintiff's knowledge of the danger, or its failure to exercise reasonable care.

3. *Same; Damages; Duty to Minimize.*—A stock raiser whose cattle were injured by reason of the pollution of a stream may recover of the defendant, who polluted the stream, notwithstanding it might have been possible to have taken the cattle away, and cared for them until they regained their lost flesh.

4. *Same; Instruction; Curing Error.*—Where plaintiff claimed damages for injury to his cattle because of the pollution of a stream, and the court charged orally that if plaintiff was entitled to any damages he was entitled to such as proximately resulted to him for one year before filing the action, and that if any of his cattle were poisoned or injured, he might recover for the loss, the giving of written charges for the defendant asserting that it was plaintiff's duty to minimize the damage, and that if he knew his stock were being injured by drinking the water, and could reasonably have procured water elsewhere, and thereby lessened the damage, he was bound to do so, cured any error in the oral charge.

5. *Appeal and Error; Review; Questions Presented.*—On appeal the court will only consider the giving or refusing of charges which are identified by the brief and the assignment of error by number or otherwise.

APPEAL from Bessemer City Court.

Heard before Hon. J. C. B. GWIN.

Action by Richard Wright against the Tennessee Coal, Iron & Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from the Court of Appeals of Alabama under section 6, Act April 18, 1911 (Gen. Acts 1911, p. 450).

The following charges were refused to defendant: (45) The court charges the jury that, if you believe the evidence, it was the duty of plaintiff, as soon as he ascertained that this water was injuring his cattle, if you believe it was injuring his cattle, and he did ascertain the fact, to take his cattle off the water, and thus minimize his damage, if this could reasonably be done, and if you believe he did not do this, but continued to allow his cattle to drink this water from this

time until within a month of the time suit was brought, then I charge you he could not recover on account of damage shown to his cattle during said time.

(50) The court charges the jury that, if you believe from the evidence that plaintiff took the cattle which lost weight, and either by feeding them or by turning them loose succeeded in fattening them before selling them, then I charge you plaintiff would not be entitled to recover anything based upon the difference in weight of the cattle, even though you believe that the cattle lost weight on account of the acts of defendant.

(51) The court charges you that, if you believe that plaintiff could reasonably have turned his cattle loose where they could have obtained other water, and failed to do so, then I charge you he would not be entitled to recover any damages for the difference on account of the water if he allowed them to continue to drink such water, and become injured.

(56) The court charges you that you cannot award plaintiff any damages on account of his cattle getting sick and losing weight, if you believe they did get sick and lose weight.

(60) If you believe from the evidence that plaintiff could have reasonably given his cattle other water, and thus saved their death or sickness, it was his duty to have done so, and, if the cattle became sick or died by reason of his failure to exercise such duty, he would not be entitled to recover for said sickness or death of said cattle.

The following is the part of the oral charge excepted to: Now, if plaintiff was entitled to any damages at all in this case, he is entitled to recover such damages as proximately resulted to him for one year preceding the filing of this suit about the use of this place for the purpose he was using the property for. If he be

unreasonably deprived of the use of the water, whatever amount he was damaged for the year next preceding the filing of this suit, all other things being true, as alleged in the complaint, he would be entitled to recover that amount. And if any of his cattle were poisoned by the deposits of deleterious matter in this stream by defendant, and if their death proximately resulted therefrom, he would be entitled to recover the reasonable market value of the animal that died, if it died form drinking this deleterious substance, and if his herd of cattle were, as a proximate result of the alleged wrong of this defendant, depreciated in value during the year next preceding the filing of this suit, he would be entitled to recover whatever the depreciation in value was.

PERCY, BENNERS & BURR, for appellant.

STALLINGS, NESMITH, HUNT & JUDGE, for appellee.

MAYFIELD, J.—The action is to recover damages for the pollution of a stream of water which flowed through plaintiff's premises. The defendant was operating a by-product plant on or near the stream, and it is alleged that defendant emptied chemical acids and other foreign matter into the stream, thereby rendering it unfit for domestic use by the plaintiff. The plaintiff was engaged in the business of pasturing, fattening, aud slaughtering beef cattle; and the chief claim for damages, as appears from the final issue and all the evidence, is rested on injury to the plaintiff's cattle, in that they drank the polluted water and were thereby diseased and made sick and, in some instances, caused to die. The plaintiff recovered a verdict and judgment for $675, from which judgment the defendant prosecutes this appeal.

(1) The first error insisted upon by appellant is that it was entitled to the general affirmative charge in its favor. Appellant, we think, is clearly in error as to this contention, under all the issues and all the evidence. The questions whether plaintiff was entitled to a verdict and, if so, for what amount, were both clearly for the jury. While there is no direct proof that the defendant operated a by-product plant, and thereby polluted the stream as alleged, the bill of exceptions does not purport to set out all the evidence, but only the "substance" thereof, anl "all the tendencies." The bill of exceptions also contains the following recital: "Counsel for defendant in stating the case to jury said the defendant did not deny the allegations of the complant that it operated a by-product plant and discharged some by-products into Possum Valley creek, but they denied that the use of said creek by them was unreasonable or unwarranted in law, and further denied that plaintiff was injured thereby."

But without these recitals we think there was evidence sufficient to carry the question to the jury.

(2, 3) There was no error in refusing any one of charges 45, 50, 51, 56, and 60. Each of these charges is subject to one or more of the following defects: Failure to hypothesize plaintiff's knowledge of the danger that the water would injure his cattle; failure to hypothesize plaintiff's omission to exercise reasonable care or prudence, after he had, or ought to have had, knowledge or notice that the water would so injure his cattle, to prevent their drinking the water or standing in it; exacting too high a duty of the plaintiff to the end of minimizing his damages; charging that plaintiff cannot recover any damages as for injuries sustained, when the facts hypothesized, at best, would only prevent the recovery of the full damages sustained, in case

the plaintiff has negligently failed to minimize his damages as the law requires.

(4) There was no reversible error in any part of the oral charge as to which exceptions were reserved. The charge, considered as a whole, and in connection with the requested charges which were given at the instance of the defendant, did not prejudice the rights of the defendant, under the issues and the evidence in this case.

One of the many charges given at the request of defendant, as to the duty of the plaintiff to minimize the damages, was as follows: "(11) The court charges the jury that the law imposed upon the plaintiff the duty of taking steps to minimize damages which was being done to him on account of this nuisance, if it was a nuisance, and if you believe such damages were being done, and if you believe that the plaintiff knew that his stock were being injured by drinking this water and could have reasonably secured water elsewhere and thereby lessened the damages that was being done to him, it was his duty to secure such water and lessen such damages, and he cannot recover on account of any damages which he could have so lessened."

This was certainly as favorable a charge, or more so, than the defendant had a right to have, and cured any possible misleading tendencies of the oral charge.

(5) We call attention to the fact that a great number of the refused charges in this record are not numbered or otherwise identified, and that we could not consider any except those which were identified by the brief and the assignment of errors.

The law as to the measure of damages, as well as the law as to the duty of the plaintiff to minimize his damages, in cases like this, has been so frequently and so recently stated by this court that it is not necessary

to reiterate or restate it here. See *Sloss-Sheffield Co. v. Mitchell,* 181 Ala. 576, 61 South. 934-937; Id., 161 Ala. 281, 49 South. 851; Id., 167 Ala. 226, 52 South. 69.

We find no error in the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.