# Talmage & Co. v. Millikin & Meigs.

*Action on a Bond by Transferee against Maker.*

1. *Accommodation paper, not subject to plea of no consideration in hands of transferree for value, whether commercial paper or not.*—Accommodation paper is not within the provisions of the statute, (Code of 1886, § 2594), which gives to the payor of non-commercial paper, as against the transferree, any defense which he would have had against the payee, because the transferree is himself the real and only payee, and the nominal payee is not a payee at all in legal contemplation or in fact.

2. *Case at bar.*—The maker of a bond, who signs and delivers same

[Talmage & Co. v. Milliken & Meigs.]

to the payee, for the latter's accommodation, and for the purpose of enabling him to obtain money thereon, cannot set up a want of consideration as against a transferree for value—since before the transfer it was not a contract at all, and upon its transfer it became the contract of the maker as payor, and the nominal payee as indorser to pay the sum nominated in the bond to the transferree as payee.

3. *Partner cannot bind firm on accommodation paper.*—Accommodation paper executed in the firm name by a member of a firm engaged in merchandising is not binding on the firm or his co-partner.

APPEAL from Henry Circuit Court.

Tried before Hon. J. W. FOSTER.

This was an action brought by the appellants, Henry Talmage & Company, against the appellees, W. W. Milliken and S. K. Meigs, "partners doing business as Milliken & Meigs." The defendant Meigs interposed a special plea of *non est factum,* denying the execution of the bonds sued on. The defendants jointly filed pleas denying the consideration for the bonds sued on. The plaintiffs filed replications to the joint pleas, averring that the bonds sued on were executed by the appellees at the request of one Burbage, as an accommodation to him, to enable him to use the bonds as a means of raising or borrowing money; that the bonds were, for that purpose, indorsed to the plaintiffs by said Burbage, as collateral security for loan of money made at the time the bonds sued on were transferred. The replications showed the amount of money that was advanced upon the security of the bonds, and the date when the transfer was made and money loaned. The court granted defendants' motion to strike the replications. Plaintiffs excepted. Issue was then joined upon the plea of *non est factum* and upon the other pleas of the defendants. It was shown upon the trial that at the time of the execution of the bonds sued on, the defendants were engaged in the mercantile business, in Ashford, Alabama, in the firm name of Milliken & Meigs; that the bonds were signed by W. W. Milliken, one of the defendants, without the knowledge of or authority from his co-partner, Meigs. The other facts are stated in the opinion. The court, at the request of the defendants, gave the general affirma-

tive charge in their behalf, and refused a similar charge requested by plaintiffs. The rulings of the court in granting the motion to strike plaintiffs' replications, and upon the above charges are assigned as error.

SANDERS & SANDERS and H. A. PEARCE, for appellants. The bonds having been executed for accommodation purposes, and there being nothing in the complaint to show the manner in which the bonds were acquired by plaintiffs, it was necessary and proper that replications be filed to the pleas of no consideration for the purpose of showing that the plaintiffs' rights accrued in pursuance of the purpose of the execution of the paper.—*Slaughter v. First Nat. Bank,* 109 Ala. 157; *Herring v. Skeigs,* 73 Ala. 446; *Winter v. Mobile,* 54 Ala. 172; *Connelly v. Ins. Co.,* 66 Ala. 432. Accommodation paper is either a negotiable or non-negotiable bill or note, made by one who puts his name thereto without consideration, with the intention of lending his credit to the party accommodated. It does not become a binding contract until negotiated, and is supported by the consideration moving to the accommodated party when transferred. Section 2594, Code of 1886, has no application to such paper.—1 Am. & Eng. Encyc. of Law, (2d Ed.), 340, 336, 337; *Miller v. Larned,* 103 Ill. 562; *Farier v. New York Bank,* 90 Ga. 331; *Weill v. Frasclair,* 42 La. Ann. 171; Randolph on Com. Paper, 472; *Rutledge v. Townsend,* 38 Ala. 706; *Dunbar v. Smith,* 66 Ala. 490; *Marx v. First Nat. Bank,* 79 Ala. 550; Dan. on Neg. Ins. 790; *Connerly v. P. & M. Ins. Co.,* 66 Ala. 433; *Brummell v. Enders,* 18 Gratt. 905; *Harris v. Brooks,* 21 Pick. 195; *Smith v. Morrill,* 54 Me. 48; *Hubbard v. Greency,* 64 N. Y. 457; *Goldsmith v. Holmes,* 1 L. R. A. 816; *Holmes v. Goldsmith,* 147 U. S. 150.

G. L. COMER, ESPY & FARMER, and R. H. WALKER, *contra.*—An accommodation paper is either a bill of exchange or negotiable promissory note. There is no such thing as an accommodation bond. Under the law of Alabama, the bonds are subject to any defense against the holder that the obligor had against the obligee before notice of the transfer.—Code of 1886, §2594; Black's Law Dic. p. 16; Rand. on Com. Paper, 472 and 473; Code, 1765; *Muse v. Doutzler,* 85 Ala. 359.

McCLELLAN, J.—Milliken, at the request of Burbage, for his acommodation and to enable him to raise money on the paper by indorsing and delivering it to some third party, signed a bond and delivered it to Burbage. The latter, in consonance with Milliken's intention, indorsed, transferred and delivered the bond to Talmage & Co. for a valuable consideration passing at the time to him, Burbage. Talmage & Co. bring this suit against Milliken on that bond. Milliken defends on the ground that there was no consideration for the obligation as between him and Burbage, and insists that he being the payor and Burbage the payee and the paper not being commercial, he is entitled to make this defense against Talmage & Co. under section 2594 of the Code (1886) ; and this defense was allowed in the court below.

The trial court fell into error in this matter. The paper in the hands of Burbage, the accommodated party, was not a bond, or obligatory contract in any sense, nor was Milliken in respect thereof a payor, nor Burbage a payee. It was only when Burbage, in line with Milliken's purpose in signing the paper for the accommodation of Burbage, indorsed and delivered it for value to Talmage & Co. that the paper became a contract at all, and then it became the contract of Milliken as payor and Burbage as indorser to pay the sum nominated in the bond to Talmage & Co. as payees, and they are and are to be considered for all purposes, so far as Milliken's liability is concerned, the payees of the bond; and the consideration, which actually passed between them and Burbage, passed also in legal contemplation between them and Milliken, and supports the latter's promise to pay as fully as if he had in the first instance received value from Burbage. Accommodation paper is not within that provision of the statute referred to which gives to the payor as against the transferee any defense which he would have had against the payee, because the transferee is himself the real and only payee, and the nominal payee is not a payee at all in legal contemplation or in fact.

We have treated the action as being against Milliken alone, because it is clear on the evidence that neither Meigs nor the partnership of Milliken & Meigs was at all bound by the subscription of the partnership name by Milliken to the bond.

Reversed and remanded.