# Lewis *v.* Isbell National Bank.

### Assumpsit.

(Decided July 6, 1916. Rehearing denied December 30, 1916.
73 South. 655.)

**1. Partnership; Powers of Partners; Endorsing Note.**—While one partner has no authority to endorse a note in the partnership name for the benefit of third person, without the consent of the others and his endorsement imposes no liability on the firm, yet if such endorsement is assented to by the other partners it is obligatory on the firm.

**2. Same; Ratification.**—The assent of a partner to the execution and renewal of a note originally endorsed by a partner for the benefit of a third person may be inferred from the partners silence upon being informed by the other partner of the existence of the note and that the partnership would have to renew it.

**3. Charge of Court; Requested Instructions.**—It is not error to refuse instructions substantially covered by written or oral instruction given.

**4. Partnership; Accommodation Endorsement; New Partner.**—Where an accommodation note had become a partnership liability which an incoming partner had assumed upon becoming a member of the firm, the note was an original debt of the firm and either partner had the right to renew it with or without the assent of the other partner.

**5. Same; Action Against.**—Where the action was against a partner on a firm note, one-half of which had been paid by the other partner, it was not error to sustain an objection to a question whether plaintiff had not agreed with the other partner when he paid his half of the note that he was to pay no further sum on the note in the absence of a plea setting up a release of such other partner by plaintiff.

APPEAL from Talladega City Court.

Heard before Hon. MARION H. SIMS.

Assumpsit by the Isbell National Bank against Yetta Lewis. Judgment for plaintiff and defendant appeals. Affirmed.

[Lewis v. Isbell National Bank.]

CARL C. SMITH, WALTER S. SMITH and RUSHTON, WILLIAMS & CRENSHAW, for appellant. KNOX, ACKER, DIXON & STEWART, for appellee.

GARDNER, J.—Omitting immaterial details, the salient facts of this case may be summarized as follows: The merchantile firm of Goldberg & Lewis, composed of Sam Goldberg and B. Lewis, had been engaged in business in Talladega for a number of years, and during the course of business had frequently indorsed accommodation papers for third persons. One Philip Lewis, a brother of B. Lewis, desiring to secure a loan from the appellee bank in 1911, procured the signature of the firm of Goldberg & Lewis as indorsers to his note, and obtained the money thereon. The firm name to the indorsement was signed by B. Lewis. The loan was divided into two notes of $1,000 each, due, respectively, May 1, and June 1, 1911. They were not paid at maturity and the bank extended payment thereof until October, 1912. In September, 1911, B. Lewis died, leaving a will in which his wife, appellant here, seems to have been named as the chief beneficiary. There was evidence tending to show that immediately upon the death of her husband appellant became a member of the firm, her name being substituted for that of her husband, and she, of course, taking over the assets and assuming the liabilities of the old firm. While there was no direct evidence to the effect that Sam Goldberg, of the firm of Goldberg & Lewis, had knowledge of the execution of the note of Philip Lewis, in the firm name, at the time it was executed, yet there was evidence sufficient to warrant the jury in inferring that he did have such knowledge, and that he acquiesced in and assented to such execution. Philip Lewis was declared a bankrupt, and the trustee in bankruptcy paid on this indebtedness the sum of $500, thus reducing the amount due to $1,500. There was evidence tending to show that the appellant here, when she became a member of the firm of Goldberg & Lewis, knew that the firm was on this note for Philip Lewis. In October, 1912, Sam Goldberg and Philip Lewis went to the appellee bank, and executed a new note, for the sum of $1,500, signed by Philip Lewis and the firm of Goldberg & Lewis, which firm at that time was composed of said Sam Goldberg and the appellant, Mrs. Yetta Lewis. This note was not paid at maturity in full, but said Goldberg, in recognition of his liability thereon, paid one-half of it; and this suit is brought

against the appellant for the recovery of the balance due. The defendant interposed the plea of non est factum, the general issue, and that the note was without consideration. From a judgment for the plaintiff the defendant prosecutes this appeal.

It is insisted by appellant that as the note was executed in the firm name, and its execution was without the scope of the partnership affairs, it was not a firm debt, and therefore, if it be held that she subsequently became a member of the partnership in place of her husband, taking over the assets and assuming the liabilities, that this would not be such a liability so assumed, and that there can be no recovery unless it be shown that she gave her assent to the execution of said note, citing the cases of *Lang v. Waring,* 17 Ala. 145; *Talmage v. Millikin & Meigs,* 119 Ala. 40, 24 South. 843; *Espy v. Comer,* 80 Ala. 333; 30 Cyc. 506.

(1, 2) While it is the well-recognized rule that one partner, without the consent of the others, has no authority to indorse a note in the partnership name for the benefit of third persons, and that such an indorsement imposes no liability on the firm, as is disclosed by the above-cited authorities, yet it does not seem to be denied that if such a transaction comes within the knowledge of his copartners and is assented to by them, then it will be obligatory upon the firm.—*McNeill v. Reynolds,* 9 Ala. 313; 30 Cyc. 515, 516.

Goldberg, a witness for the plaintiff, testified that the defendant did become a member of said firm taking over the assets and assuming the liabilities thereof, and that she knew of the indebtedness; that the business had been conducted after the death of Lewis just as it had before; the firm renewing notes and signing accommodation papers for other parties. The witness further testified that he told the defendant that the firm owed this note in question, and that it would have to be settled or renewed before October. To use his language: "I said to her that the bank wanted their money, and we would not have it, and we should have to renew the note, and she did not say anything, and I went on and renewed it."

(3) From all the circumstances in the case as disclosed by the record, we are of the opinion that it was open for the jury to find that the defendant assented to the execution and renewal of the note and recognized it as a firm liability.

Appellant's counsel lay much stress upon the case of *Tyree v. Lyon, Murphy & Co.,* 67 Ala. 1, in support of their insistence

[Lewis v. Isbell National Bank.]

that the silence of defendant, under the circumstances, was not sufficient for the submission of her assent to the jury. This authority recognized, of course, that such assent may be expressed or implied. It is there held, however, that mere silence, on being informed of the existence of a note after it is made, is insufficient. But the situation here is reversed; the defendant remained silent after being informed by her copartner of the existence of the note and of the facts that the firm owed it and would not be able to meet it, and that it would have to be renewed. The above authority, therefore, does not militate against the conclusion we have reached.

It is therefore clear that the affirmative charge upon this theory of the case was properly refused.

(4) It is next insisted that it was reversible error to refuse charge 4, requested by the defendant. This charge was not only covered, in substance, in the general charge of the court, but we think was substantially covered by several of the charges given at defendant's request.

Moreover, there was evidence from which the jury could infer that Goldberg knew of the execution of the note by his partner, B. Lewis, and had ratified the same, and that it had thus become a liability against the firm at the time defendant became a member thereof.

(5) It was further open for the jury to find that the defendant had assumed the liabilities upon becoming a member of the partnership.—30 Cyc. 617. If, therefore, it was an original debt of the firm, then either partner had the right to renew the note at any time, and the question of assent would become immaterial.

There is nothing in the case of *Harwell v. Phillips, etc., Co.*, 123 Ala. 460, 26 South. 501, cited by counsel for appellant, in conflict with our finding here.

A statement of the facts above shown, we think, fairly demonstrates that there was no error in the refusal of requested charge B. Aside from these statements, it appears that appellant was chief beneficiary under the will of her husband, who had executed the original note, and whose estate was clearly liable for the full amount.

We think reversible error cannot be predicated upon any of the rulings of the court as to the evidence. Many of the objections relate to the testimony which was intended to establish that defendant became a member of the firm after her husband's death.

If the indebtedness evidenced by this note was a firm debt and assented to by defendant, she would be liable as a member of the firm for the entire amount thereof if the bank saw fit to hold her for the whole debt. Under such circumstances, had she paid the entire debt, she could have recovered one-half thereof from Goldberg, her partner. He, however, had paid his half.

(6) We are therefore unable to see any error in the court's sustaining the plaintiff's objection to the question asked the witness Goldberg, to the effect whether or not, at the time he paid the $750, it was agreed with the president of the bank he was to pay no further sum on this note. Moreover, there was no plea by defendant setting up as a defense a release of Goldberg by the bank from further liability on the note.

Finding no error in the record, the judgment of the court below will be affirmed.

ANDERSON, C. J., and MCCLELLAN and THOMAS, JJ., concur.