## FARIS v. FARIS ET AL.

[No. 10,767.   Filed March 30, 1921.   Rehearing denied June 1,
1921.   Transfer denied October 5, 1921.]

1. INSURANCE.—*Life Insurance.—Policy Loans.—Payment from
Proceeds of Policy.—Right of Beneficiary Wife to Recover from
Estate.*—Where insured executed his note for a loan of $2,300
on his life insurance policy, and insured and his wife executed
two promissary notes for $875 each for a loan on two other
policies, and each of the loan agreements provided that in event
of the death of insured before the payment of the note, and
while the policy was in force, the amount due on the note would
be deducted from the amount payable on the policy, the wife,
insured's·beneficiary, suing his estate to recover the amounts
deducted from the proceeds·of the policies on account of the
notes, cannot contend, that the insurer, on her husband's death,
should have paid the full amount of the policies to her and
then have filed the notes as claims against his estate; the in-
surer as against other creditors and the heirs being bound to
apply the fund in its hands as it had by contract agreed to do.
pp. 341, 343.

2. INSURANCE.—*Life Insurance.—Policy Loans.—Deduction from
Proceeds of Policies.—Recovery by Beneficiary Wife from Hus-
band's Estate.*—Where a wife, who was the beneficiary under
her husband's life insurance policies on the security of which
loans were made by herself and husband, so that on the hus-
band's death the proceeds of the policies, less the amount of
the notes, were paid to her, cannot recover from her husband's
estate the deduction made by the insurer on account of the
notes on the ground that her relation to the debt was that of
surety, where the notes in question were each accompanied by
an .affidavit by the wife reciting that the money borrowed was
for her sole use and benefit, so that she was estopped from the
defense of suretyship as against the insurer.   p. 342.

From Vigo Circuit Court; *Charles L. Pulliam,* Judge.

Action by Ada R. Faris against Ara R. Faris and
Ruby F. Tennant, administratrices of the estate of
George W. Faris, deceased.   From a judgment for de-
fendants, the plaintiff appeals.   *Affirmed.*

*Walter S. Danner* and *Watson and Esarey,* for appel-
lant.

*Cooper, Royse, Bogart and Gambill* and *Maurice E. Tennant,* for appellees.

NICHOLS, J.—This action was upon a claim filed against the estate of appellees' decedent. Said claim was submitted to the court for trial. The court found for appellees and rendered judgment accordingly. The only error assigned and presented is that the court erred in overruling the appellant's motion for a new trial.

The facts agreed to herein are in substance as follows: On April 17, 1914, the decedent George W. Faris, died intestate, being at the time a resident of the county of Vigo, Indiana, and thereafter appellees were duly appointed coadministratrices of his estate. Said decedent on December 8, 1899, took out an insurance policy with the Mutual Life Insurance Company of New York, payable to his then wife Anna C. Faris, as beneficiary, in the sum of $10,000 upon his death. The provisions of said policy, being policy No. 1017071, so far as concerns this case, are as follows:

"The Insurance Company insures the life of George W. Faris    *    *    *    in the sum of Ten Thousand Dollars, ($10,000) for the benefit of his wife, Anna C. Faris, the beneficiary.    *    *    *    This policy is subject to the provisions, requirements and benefits endorsed hereon, which are hereby referred to and made a part hereof    *    *    *.

"Provisions, requirements and benefits    *    *    *.

LOANS—After the policy shall have been in force three (3) full years, the Company, upon the assignment of this policy as security, will, (1) loan amounts within the limits of the cash surrender value, (2) that in any settlement of this policy, all outstanding indebtedness must be paid."

Said policy of insurance remained in full force and effect from the date thereof to the death of said decedent, at which time it was in full force and effect.

Said Anna C. Faris, named as beneficiary in said policy of insurance, was, at the time said policy was executed, the wife of said decedent. She died on August 31, 1909, and on the —— day of September, 1910, Ada R. Faris appellant herein, and the decedent were married, and said Ada R. Faris remained the wife of said decedent from said time until his death. On June 20, 1911, said decedent, in full compliance with the terms of said policy, duly assigned said policy of insurance No. 1017071 to appellant, making her beneficiary therein, since which time she has been the beneficiary in said policy. Said assignment and change of beneficiary, executed by the decedent so far as concerns this case, was in the words and figures following:

### "DUPLICATE ASSIGNMENT.

I hereby assign, transfer and set over all my right, title and interest in Policy No. 1017071 to Ada R. Faris (wife) (subject to loan on the policy). The right to obtain a loan or to surrender this policy for its cash value in accordance with its terms and conditions is reserved to the insured. The right to cancel this assignment to take effect by written notice received at the Head office of the Company is reserved to the Insured."

Said decedent during his lifetime and on November 30, 1908, took out two additional insurance policies with said company, payable to his then wife Anna C. Faris, as beneficiary, each being in the sum of $5,000, which so far as here involved were in the words and figures following:

"The Mutual Life Insurance Company of New York promises to pay to Anna C. Faris, wife of George W. Faris upon receipt at said home office of due proof of the prior death of the Insured, to his said wife, Anna C. Faris, the beneficiary, with the right of revocation, Five Thousand Dollars ($5,000) less any indebtedness thereon to the Company and

any unpaid portion of the premium for the then current policy year.

"*LOANS.*—At any time after three full years premiums have been paid the Company will advance on the execution of a proper loan agreement and on proper assignment and delivery of this policy and on the sole security thereof, the amount which shall be equal to the cash value at the end of said year."

Each of said policies remained in full force and effect from the date thereof to the death of said decedent. Subsequent to the marriage of appellant and the decedent, said decedent by endorsement on the face of each of said policies, duly made appellant beneficiary in each of said policies, and she so remained until the death of said decedent.

On or about December 18, 1910, the decedent borrowed from said insurance company $1,700 and executed his promissory note payable to said insurance company, and assigned to said insurance company said policy No. 1017071 as collateral security, and on or about December 5, 1912, the decedent borrowed from said insurance company $2,300, and executed his promissory note payable in such sum to said insurance company and assigned to said insurance company said policy No. 1017071, as collateral security for the payment of said note, $1,700 of said sum being used to pay said former note. Said last described promissory note provided that: "In the event of the death of the insured before the maturity of the note, and while said policy is in force, the amount of said note, after proper adjustment of interest, will be deducted from the amount payable on the policy, the balance being payable to the person or persons entitled thereto."

On December 6, 1912, said decedent and appellant executed to said insurance company their two promissory notes, each in the principal sum of $875, together

with loan affidavits, and to secure the payment of said notes they did assign to said insurance company policies Nos. 1763170 and 1763172, each note being secured by the assignment of said policies. Each of said two promissory notes provided that: "In the event of the death of the insured before payment of this note, and while said policy is in force, the amount of said note, after proper adjustment of interest, will be deducted from the amount payable on the policy, the balance being payable to the person entitled thereto."

Appellant, at the time of the execution of such notes, made a loan affidavit as to each note to the effect "that part of the said loan which is to be made upon the pledge of her interest in said policy was to be for her sole use and benefit, the purpose for which she intended using such borrowed money being for a business investment, and that it was her intention to assign her interest in the said policy in question as security for the money so to be advanced to her and not as security for the debt of any other person whatsoever."

All and each of the three aforesaid notes became due and payable upon the death of the decedent, and all and each of said notes were at said time unpaid and wholly unsatisfied. Subsequent to the death of said decedent, neither of said notes was paid from the assets of the estate of the decedent, but each of the same were wholly unpaid and unsatisfied. After the death of decedent on June 1, 1914, all and each of said notes were wholly paid and satisfied by the payee insurance company, deducting and retaining from the amounts payable on said policies of insurance to appellant, amounts sufficient to fully satisfy each of said notes secured thereby, the total amount being deducted on the three said policies of insurance being in the amount of $4,050. Said sum of $4,050 was applied on said notes and they were then and thereby fully paid and satisfied. Said

decedent at the time of his death left a large and valuable estate, which was and is wholly solvent, and which was and is more than sufficient to satisfy all valid claims against it, including the costs of administration and the payment of the three promissory notes.

Appellant's counsel, in an able and exhaustive brief, have forcefully presented appellant's claim, but, as it seems to us, without keeping before them the terms of the insurance contracts, and appellant's relation thereto and rights thereunder.

It is first contended that the notes involved were the debts of the decedent, and as such became liabilities of his estate which it was the duty of the administratrices to pay. But each of the loan agreements under which these loans were made, expressly provides that: "In the event of the death of the insured before payment of this note, and while said policy is in force, the amount of said note, after proper adjustment of interest, will be deducted from the amount payable on the policy." Here is a specific method of payment provided, an exclusive primary fund created, out of which payment is to be made, which fund is held in hand. It cannot reasonably be contended that the company could have ignored its contract, paid the full amount of the policy to appellant, and then have filed its notes as claims against the estate. As against other creditors and the heirs, it was bound to apply the fund in its hands as it had by its contract agreed to do. With this primary fund for its protection, out of which it had agreed to collect the debt, it had no rights, in lieu thereof, against the general personal estate. Such being the case, there were no rights to which appellant could be subrogated. The case of *Hight* v. *Taylor* (1884), 97 Ind. 392, is not in point. In that case there was no agreement to look to a primary fund for payment. Other cases are cited by appellant, involving the

widow's rights as to her husband's mortgaged real estate, but in none of the cases was the real estate by the terms of the mortgage made the primary asset for the payment of the debt, and in this they are distinguished from the instant case.

Appellant contends that the insurance in her favor as beneficiary is in the nature of a specific legacy, and as such she is entitled to receive it free from liens. Many authorities are cited to show the analogy. But a specific legacy of what? Of what the insurance company agreed to pay which was the amount of the policy, *less any indebtedness thereon to the company.*

Appellant, in further support of her claim, says that her relation to the debt was that of a surety, and that the rule should be applied, that upon payment of the principal's debt, a surety is subrogated to the right of the creditor whose claim has been paid. The affidavits accompanying two of the notes would certainly estop her from any defense of suretyship as against the company, and while they might not be available against her in an action against a third party, she surely is not in position conscientiously to assert her suretyship. She cites *Union Central Life Ins. Co. v. Woods* (1894), 11 Ind. App. 335, 37 N. E. 180, 39 N. E. 205, to the effect that the wife and beneficiary in a life insurance policy, who signed an agreement for the obtaining of a loan from the company by her husband, the insured, was a surety for her husband. But the court says that it was not claimed that the policy in terms provided for a loan of money to the insured and the repayment of the same out of the insurance money, nor was there in point of fact such a stipulation, but that if the insured had stipulated for a loan to himself, to be paid out of the insurance money when it became due, by an acceptance of the policy she assented to the deduction of such loan from such proceeds. A policy

with such a stipulation is like the policy here involved, and one in which the principle of suretyship does not apply. That she has not the rights and protection of a surety in this case has in effect been decided in *Eagle* v. *New York Life Ins. Co.* (1910), 48 Ind. App. 284, 91 N. E. 814, where the court says: "This court has held that where the provisions for the loan are contained in the very instrument through which the married woman acquires her rights, the statutory inhibition against suretyship contracts cannot be invoked, because she takes her rights in the insurance, subject, also, to the obligations and right of the company to make the loan and to be protected thereon by the assignment of the policy."

Appellant can have no rights except such as are secured to her by reason of the insurance contracts out of which this action grows. Under the $10,000 policy, it was provided that the company would loan the decedent money up to a certain amount, upon the policy as security, and that in settlement all outstanding indebtedness must be paid. After decedent had negotiated a loan for $1,700, he assigned the policy to appellant, subject to the loan, and reserved to himself the right to make additional loans. Under the other two policies, as provided therein, appellant's right was to receive $5,000 less any indebtedness to the company. By each of the loan agreements, it was expressly provided that before any payment of the policy, the amount of the note should be deducted from the amount payable on the policy, and the balance payable to the person entitled thereto. On each of the policies out of which her claim grows she has received all that the policy stipulated that she should receive. She has no right of recovery, against the estate of appellees' decedent. The judgment is affirmed.