(95 South. 355)

## MORGAN et al. v. PRUDENTIAL INS. CO. OF AMERICA. (4 Div. 34.)

(Supreme Court of Alabama. Feb. 8, 1923.)

**1. Insurance ☞585(1)—Policy is measure of rights thereunder.**

A policy of insurance is the measure of the rights of everybody under it, and its provisions must govern in determining the rights of beneficiaries.

**2. Insurance ☞586—Though beneficiaries' rights are vested, they are dependent on provisions of policy.**

Though the rights of beneficiaries under an insurance policy are vested, they are nevertheless subject to such arrangements as the insured may make with the insurer as to who are to receive the benefits or what control the insured is to have over the policy, and dependent upon the policy being kept alive by the performance of conditions.

**3. Insurance ☞523—Clause precluding change of beneficiaries will not establish beneficiaries' rights paramount to assured's rights or preclude deducting of loan from policy.**

The fact that a life insurance policy does not reserve for assured the right to change the beneficiaries does not vest in the beneficiaries an absolute property right paramount to that of insured, but their rights are limited by the other provisions of the policy, and, where money was borrowed on the policy pursuant to loan provisions therein, *held*, that the beneficiaries were bound thereby, and the company might deduct the loan from the value of the policy at the time of insured's death.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

──────────────────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes·

Action on life insurance policies by Lockard H. Morgan and others against the Prudential Insurance Company of America. Judgment for defendant, and plaintiffs appeal. Affirmed.

Eugene Ballard, of Montgomery, for appellants.

The beneficiaries had a vested interest, which could not be defeated without their consent, save by a lapse in the payment of premiums for such time as would consume the entire loan value. 25 Cyc. 889; (Tex. Sup.) 17 S. W. 617, 14 L. R. A. 278; 138 N. Y. 333, 34 N. E. 211, 20 L. R. A. 620, 34 Am. St. Rep. 456; 84 Vt. 350, 79 Atl. 997, 35 L. R. A. (N. S.) 844; 58 Ala. 133; 76 Ala. 285; 154 Ala. 392, 45 South. 417; Joyce on Ins. §§ 730a, 731; 19 A. & E. Ency. 90; 183 Iowa, 658, 166 N. W. 452, 19 A. L. R. 649.

Steiner, Crum & Weil, of Montgomery, for appellee.

The insured had the right to borrow on the policies, without the consent of the beneficiaries, and the beneficiaries were bound by the terms of the policy, so as to permit the deduction of such loan from the cash surrender value of the policies. 154 Mo. App. 440, 134 S. W. 676; (Sup.) 140 N. Y. Supp. 505; 2 Joyce on Ins. (2d Ed.) §§ 730a, 731; 223 U. S. 252, 32 Sup. Ct. 220, 56 L. Ed. 419, 38 L. R. A. (N. S.) 57; Prudential v. Pacewicz, Ct. App. Lucas Co., Ohio, March 20, 1922.

THOMAS, J. This suit was instituted against the Prudential Life Insurance Company by the beneficiaries named in the policies of insurance on the life of Sallie B. Morgan. Defendant filed several pleas, and to the special pleas 6 and 7 plaintiff demurred. The case was submitted to the trial judge on an agreed statement of facts and the demurrers interposed to the special pleas. Judgment was rendered overruling the demurrers, and final judgment was for the defendant.

The question presented is whether the beneficiaries named in the insurance policies are bound by the acts of the insured in obtaining loans from the company and assigning the policies as security therefor without the consent of the beneficiaries in such sense as that the indebtedness evidencing the loans could be deducted from the cash surrender value of the policies within the "Automatic Extended Insurance" provisions contained in the policies so assigned. The agreed statement of facts recites the admission of counsel for appellants that, if defendant had the right to deduct the amount of the loan indebtedness on the policies from the cash surrender value thereof, the policies had expired and become void prior to the death of the insured.

[1] It is a common expression of insurance law that "the policy is the measure of the rights of everybody under it"; hence the provisions that the policy declared on must govern in determining the rights of the beneficiaries, who are appellants here. Union Central Relief Ass'n v. Johnson, 198 Ala. 484, 491, 73 South. 816; N. W. Ins. Co. v. McCue, 223 U. S. 252, 32 Sup. Ct. 220, 56 L. Ed. 426, 38 L. R. A. (N. S.) 57.

[2] Mr. Joyce, in his work on Insurance, says:

"Although the interest of the beneficiary in a life policy is a vested one, nevertheless the insured may enter into such arrangements with the insurer as may be agreed on, either as to the persons who are to receive the benefit of the policy, or as to what control over it the insured is to exercise." Section 731, p. 1658.

" * * * The interest of the beneficiary under a life policy being vested is declared to be dependent upon the policy being kept alive, and therefore not applicable where the policy is forfeited for nonperformance of a condition upon the performance of which the life of the policy depends, as the beneficiary takes his interest in the contract strictly in accordance with its terms, and he takes only such rights and interest thereunder as said contract gives him, and the assured can no more diminish the insurer's rights or enlarge his obligations without his consent, than destroy the insured's right without the latter's consent, so that the beneficiary's rights are dependent upon the performance of the condition that the premiums shall be paid in order to keep the policy alive. So the naming of a beneficiary in life insurance to whom payment is to be made is a gift of a benefit in the future, contingent on the circumstances." Joyce, Law of Insurance (2d Ed.) vol. 2, §§ 730a, 731.

See, also, 49 L. R. A. 741, by allowing the policy to lapse, and 35 L. R. A. (N. S.) 844, or to surrender the policy without the consent of beneficiary.

In Leeker v. Prudential, 154 Mo. App. 440, 134 S. W. 676, the holding was that—

"The beneficiary of a life insurance policy which provided that the insured might borrow upon the policy cannot, in asserting the right to extended insurance after default, question the validity of a loan upon the policy for the purpose of paying a premium."

The New York court declared, in Healy v. Prudential Ins. Co. (Sup.) 140 N. Y. Supp. 505, 507, that—

"It is idle to discuss the meaning of the word 'insured' as describing the person entitled to apply for the loan. It clearly means the husband, the person who took out the insurance, whose life was insured, and who obligated himself to pay the premiums. The context shows that the word 'insured' was used as relating to the person whose life is insured, not the beneficiary. It will be noted that the policy was payable to the wife, if she survived, and, if not, to the estate of the insured. And, as suggested, the husband had the right, at any time, to change the beneficiary. Therefore I cannot

see that her alleged ignorance of the loan, or the fact that she did not consent to it, invalidated the transaction. She only took what the policy gave her, and it was subject to the contingency that her husband might borrow money on it thus lessening the amount payable, or that he might deprive her of all benefit under it. And this without her permission or consent."

[3] The policies of insurance declared upon, respectively, contain these provisions as to beneficiaries:

"Payable to the beneficiaries or beneficiary designated on rider form No. 7438, attached to this policy, and in the manner provided.

"If there be no beneficiary living at the death of the insured, the amount of insurance shall be payable to the executors, administrators, or assigns of the insured, unless otherwise provided in the policy. The right to change the beneficiary (has) not been reserved by the insured."

"If this policy shall become a claim by the death of the insured, the amount of insurance then payable in accordance with the terms of the policy shall be apportioned and paid, as follows:

"One-sixth (⅙) to Lockard H. Morgan, beneficiary, husband of the insured;

"One-sixth (⅙) to Ever Morgan, beneficiary, son of the insured;

"One-sixth (⅙) to Emit Morgan, beneficiary, son of the insured;

"One-sixth (⅙) to Ireane Morgan, beneficiary, daughter of the insured;

"One-sixth (⅙) to Eugenia Morgan, beneficiary, daughter of the insured; and

"One-sixth (⅙) to Mildred Morgan, beneficiary, daughter of the insured."

"If either (or any) of said beneficiaries shall have predeceased the insured, the amount that would have been payable to such deceased beneficiary (or beneficiaries) shall be paid unto the executors, administrators, or assigns of the insured."

"If this policy be continued in force, the insured may borrow from the company, with interest at the rate of 6 per cent. per annum, payable at the end of each policy year, on the sole security of this policy, an amount up to the limit of the cash surrender value hereinafter specified after deducting therefrom all other indebtedness on account of this policy, by making written application for the loan and assigning the policy to the company as security."

Thus was the right reserved to the insured named in the policy to borrow money on the sole security of the policy by making application and assigning the policy to the company as security therefor. The consent of the beneficiaries that the insured might borrow on the security of the policies was not given or stipulated when the contract was issued naming them as such beneficiaries. To hold that this provision meant that the insured might borrow money, but only with the consent of the beneficiaries, would, in effect, change the very terms of the policy, which are clear, unambiguous, and need no interpretation on the point for decision.

It may be observed that the appellee's counsel submitted a photographic copy of a decision by the Court of Appeals of Lucas county, Ohio, in the case of Prudential Insurance Co. v. Pacewics, which supports the foregoing right to borrow on the policy and that the consent of the beneficiaries named in the policy was not required to be obtained when the loan was made. The photographic copy of the opinion by the Ohio court will be filed by the reporter of decisions with the librarian of this court.

In Woodworth v. Ætna Life Ins. Co., 154 Ala. 393, 45 South. 417, "the policy * * * was payable to John H. Thompson's wife and children, their executors, administrators," etc., and hence the interest of such a beneficiary, a child living at the date of delivery of the policy, who dies before the insured, was such an interest therein as passed by "descent or succession." In Drake v. Stone, 58 Ala. 133, the policy was payable on the death of the assured, in consideration of the annual premiums paid and to be paid by the assured while in life, for the benefit of the assured's wife and his children by her, "to the above-named parties, to whose benefit this insurance shall inure, * * * their executors, administrators," etc. In Waldrom v. Waldrom, 76 Ala. 285, 289, terms of the policy of insurance are generally stated as follows:

"The policy of insurance mentioned in the bill, having been made payable to the wife and children of the complainant, and having been issued for their benefit, vested an interest in them."

See, also, 41 L. R. A. (N. S.) 252.

The instant contracts of insurance are in materially different terms than those considered, respectively, in the foregoing decisions. The fact that the right of a change of beneficiaries was denied by the instant policies did not vest in the beneficiaries an absolute property right paramount to that of the insured. The rights of the named beneficiaries were and are limited by other provisions of the policies, as, respectively, being in life at the date of the death of the insured, the several provisions for loans by the insured and security therefor by assignment of policies to the insurer, and the payment of premiums.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.