No. 11,450.

ESTATE OF WALDSBURGER.

JEREMIASSEN *v.* WALDSBURGER, Administrator.

Decided January 11, 1926.

Proceeding involving claim against the estate of a deceased person. Claim disallowed.

*Affirmed.*

*On Application for Supersedeas.*

1.  INSURANCE—*Life—Loans—Beneficiary—Executors and Administrators.* The beneficiary under a life insurance policy has no claim

against the estate of the deceased insured because of deductions made by the insurance company on account of loans to the deceased during the latter's lifetime.

2.      *Life—Loans—Beneficiary.* A loan made under the provisions of a life insurance policy is binding on the beneficiary, and the insurer has the right to deduct the loan from the value of the policy at the time of the death of the insured.

*Error to the County Court of the City and County of Denver, Hon. George A. Luxford, Judge.*

Messrs. TOLLES & COBBEY, for plaintiff in error.

Mr. W. W. WHITE, Mr. JOHN S. STIDGER, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS cause is here upon writ of error to review an order of the county court of the City and County of Denver disallowing a claim against the estate of Inger Mary Waldsburger, deceased. The claimant applies for a supersedeas, and both sides desire a final determination of the cause upon this application.

The claimant is the beneficiary under a life insurance policy issued to the decedent in her life time. His claim against her estate is the amount which the insurance company deducted from the principal sum named in the policy, on account of a loan previously made to the insured, when it paid the insurance money to the claimant, as beneficiary. Error is assigned to the disallowance of the claim. The question presented is whether under the admitted facts and the contract of insurance, the claim is valid.

The insurance policy provided for the payment of $3,000, to the beneficiary "if the insured shall die while this policy is in force." Following that provision was the

following clause: "But the residue (if any) of the current year's premium unpaid, together with any indebtedness to said Company, shall first be deducted therefrom."

Under the heading "Privileges and Conditions" the policy contained the following clause: "3. Policy Loans. The company will loan upon the sole security of this policy, to the owner thereof, at a rate of interest not exceeding six per cent. per annum in advance, * * * an amount including any previous loans or indebtedness not exceeding the sum set out in the table below * * *."

The policy was issued on December 7, 1904, and on December 29, 1920, the insured obtained a loan from the insurance company in the sum of $1,347. The indebtedness was thereafter reduced to $1,263.77. The insured died on August 12, 1924. The insurer paid the beneficiary the sum of $1,738.23, being the difference between $3,000 and $1,263.77, the amount of the insured's indebtedness to insurer.

The beneficiary's claim against the estate of the deceased insured for the sum of $1,263.77, is based upon the contention that when claimant was named beneficiary he had a vested interest in the policy, to the extent of $3,000, the principal sum, and that if the insured borrowed money from the insurer it would not affect the beneficiary's right to the principal sum.

This contention is not sound, in view of the loan provision contained in the policy. Whatever interest the beneficiary had was an interest in the amount payable under the policy under the conditions existing, with reference to loans, at the time of the death of the insured. In this case the amount payable was the sum actually paid to the beneficiary by the insurer.

The plaintiff was entitled only to what the policy gave him. The contract was subject to the contingency that the insured might borrow money on it, thus lessening the amount payable, and this without his permission or consent. *Healy v. Prudential Ins. Co. of America,* 140 N. Y. S. 505, 507. A loan made under the provisions of the policy

is binding on the beneficiary. 37 C. J. 412, note 39 (f). The insurer has the right to deduct the loan from the value of the policy at the time of the insured's death. *Morgan v. Prudential Ins. Co.,* 209 Ala. 110, 95 So. 355. To the same effect is *Walker v. Penick's Executor,* 122 Va. 664, 95 S. E. 428, where it was further held that the beneficiary has no claim against the estate of the deceased insured because of the deductions made by the insurance company on account of loans made to insured during the latter's life time.

In accord with the foregoing are the cases cited in 32 C. J. 1166, notes 84 and 92. Plaintiff in error relies upon *Muller v. Penn Mutual Co.,* 62 Colo. 245, 161 Pac. 148. That case involved an assignment of the policy, not a loan thereon. It is not controlling in the instant case.

There was no error in disallowing the claim. The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE BURKE and MR. JUSTICE ADAMS concur.