## MALLON v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 8858.

District Court, W. D. Missouri, Western Division.

Dec. 2, 1933.

R. C. Southall, of Kansas City, Mo., for plaintiff.

William C. Michaels (of Meservey, Michaels, Blackmar, Newkirk & Eager), of Kansas City, Mo., for defendant.

OTIS, District Judge.

The plaintiff has brought this suit to recover from the defendant on two policies of life insurance. To her petition the defendant has filed answer. Both parties have moved for judgment on the pleadings, each admitting that the facts are as pleaded by the adversary party.

The plaintiff was the beneficiary in each of the policies of insurance involved. In neither of the policies did the insured, who was plaintiff's husband, reserve the right to change the beneficiary. Each policy, however, contained the following provision:

"Cash Loan or Premium Loan.—If this policy be continued in force, the insured may borrow from the company, on the sole security of this policy, an amount up to the limit of the cash surrender value hereinafter specified, by making written application for the loan and assigning the policy to the company as security."

Pursuant to the loan provision contained in each of the policies, the insured did borrow from the defendant, on the security of the policies, upon making written applications for the loans and assigning the policies, such an amount as that when that amount was deducted from the cash values of the policies not enough remained to continue the policies in effect to the date of the death of the insured. If these transactions are disregarded, then the cash value of the policies at the time the insured discontinued paying premiums was such as that they were continued in effect until his death. The sole question in the case is as to whether the insured could borrow on the security of the policies or could lawfully assign them as such security. The contention of the plaintiff is that, since the insured did not have the right to change the beneficiary in either of the policies, he could neither pledge them as security nor assign them as such without the consent of the beneficiary, which consent he did not have.

I have been favored by counsel for plaintiff and defendant with thorough and elaborate briefs, but I cannot perceive that there is any debatable question in the case or any question not easily determinable upon the most elementary principles.

Whatever may be the rights of a beneficiary in a contract of insurance they can only be such as the contract provides. What the contract provides is to be ascertained from its language, if that language is not ambiguous, and from the applicable law, which, of course, is an essential part of the contract entered into by the parties. Where, as here, the insured has not reserved the right to change the beneficiary, the beneficiary is given by the settled law an interest in the contract, but that interest obviously is subject to and limited by plain and lawful provisions of the contract itself. To say that an insurer and an insured cannot contract that although the insured does not reserve the right to change the beneficiary, he shall have the right to borrow from the insurer and to assign the policy as security is to assert a doctrine insupportable either by reason or decision.

If there is any ambiguity in the loan provision of this policy, no doubt it should be resolved against defendant, but there is none. It is "the insured" who may borrow from "the company." It is "the insured" who must make written application for the loan. It is "the insured" who is to assign the policy to the company as security. The rights of the beneficiary are subject to these rights given to the insured. It is just impossible to point out any ambiguity in these loan provisions or in the whole policies.

What is so obvious does not need the support of precedent. Reference is made, however, to the following cases: Leeker v. Prudential Ins. Co., 154 Mo. App. 440, 134 S. W. 676; Id., 163 Mo. App. 523, 143 S. W. 1197; Pacewicz (Court of Appeals of Lucas county, Ohio) not reported; Morgan v. Prudential Ins. Co., 209 Ala. 110, 95 So. 355; Schuberth v. Prudential Ins. Co., 86 Pa. Super. Ct. 80.

Learned counsel for the plaintiff in his fine brief has cited many decisions. I do not find that any of them construes a contract like these here. Typical of them is the last, Anderson v. Northwestern Mutual Life Ins. Co., 261 N. Y. 450, 185 N. E. 696, decided by the Court of Appeals of New York April 11, 1933. But in the loan provision in the policy involved in that case it was required that the policy be "properly assigned." The court particularly pointed out that the right to borrow on and to assign the policy was not clearly reserved to "the insured."

Much is said in the brief of plaintiff concerning the effect of amending the contracts

of insurance. It is urged that an "amendment" in a contract should control over earlier provisions if there is any conflict between the amendment and the earlier provisions. There is nothing, however, in the pleadings in this case, from which alone the facts are to be taken, concerning any "amendment" of the contracts. Perhaps it may be inferred from an inspection of the photostatic copies of the policies attached and made a part of the answer that the form of policy was altered by striking out a provision authorizing a change of beneficiary by the insured. If that was done, and even that is alleged nowhere in the pleadings, it was in no sense an amendment of the contract, but an amendment of the form of the contract before the contract was entered into. Even if the alteration in the form referred to, however, was an amendment of the contract, it resulted in no ambiguity and, therefore, calls for no application of the rule that an amendment in a contract is to be given special weight as contrasted with other and prior provisions.

I find the facts to be as alleged by the parties in the pleadings and as admitted by the motions for judgment. On the facts, as found, I conclude as a matter of law that the defendant is entitled to judgment. A form of judgment for the defendant may be prepared and submitted for approval and entry.