ALLEN *v.* SOUTHARD.

(*Nashville,* December Term, 1940.)

Opinion filed June 14, 1941.

GEORGE S. BUCKNER, of Murfreesboro, for complainant.

SAM G. BUTLER, of Sparta, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree dismissing his bill on demurrer, the complainant has appealed to this court.

In 1924 the Kansas City Life Insurance Company issued to Dr. L. D. Allen of Smithville a policy of life insurance in the amount of $2,500. A kinsman named Hudson was the original beneficiary of the policy. Later the insured, as he was entitled to do under the policy, changed the beneficiary and named the complainant, his sister, as the beneficiary thereof.

Dr. Allen died testate in 1939, leaving his estate to his widow. She qualified as executrix, later died, and defendant Southard then qualified as administrator of the estate of Dr. Allen with the will annexed.

Prior to his death, Dr. Allen borrowed from the insurance company the sum of $1,199.15, for which he executed his note and assigned the policy to the company as security. Upon Dr. Allen's death, the company deducted from the face of the policy the amount of the note with interest due and paid the balance of the policy to this complainant. This bill is filed to recover from the estate of the insured the difference between the amount complainant received from the insurance company and the face of the policy.

The bill is based on the proposition that the loan made by the company to the insured was an indebtedness of the insured's estate. It is accordingly argued that the company might have collected this note from the estate of the insured, which is said to be solvent, and that upon the theory of marshaled assets, the company having elected to go on the policy, the complainant should be permitted to go upon the estate of the insured, or by way of subrogation, the company having collected its debt out of the proceeds of the policy which would otherwise have gone to complainant, complainant should be subrogated to the rights of the insurance company against the estate of the insured.

We do not regard the insurance company as an ordinary creditor of the estate of the insured, notwithstanding the fact that the insured had executed his note payable to the company. The face of the note shows that it was made with reference to the agreements made in the policy of insurance and as an evidence of an advance made to insured on account of the policy.

Written into life insurance contracts in this State is the following from Code section 6178(7):

"A provision that after three full years' premiums have been paid the company at any time while the policy is in force will advance on proper assignment of the policy and on the sole security thereof, at a specified rate of interest, a sum equal to, or at the option of the owner of the policy, less than the reserve at the end of the current policy year on the policy, . . ."

It will be observed that the provision is that the advance will be made on assignment of the policy "on the sole security thereof." In the face of this provision, we cannot regard such a loan or advance as having been

made on the security of the insured's estate and as constituting an indebtedness against that estate.

Code section 6179(7) is quite similar to a section of the New York Code. The statute in each State provides that the loan or advance shall be made on the sole security of the policy. Considering the statute of that State, in a case similar to this, the New York Court said:

"The privilege and benefit so extended to the holder of an insurance policy thus enables him to receive an advancement of such money, already paid in, upon payment of a certain sum, called interest, without surrendering his policy. It can hardly be said that one holding an insurance policy similar to those in the case at bar stands in the same relation to the insurance company as an ordinary debtor, when he exercises the privilege conferred upon him by law and by his policy. His act in electing to receive an advancement lessens the value of his insurance contract and also the cash surrender value thereof. The whole transaction, however, takes place pursuant to and grew out of the privileges and rights conferred upon the insured by the original policy. When the money has been so advanced or the so-called loan made to the insured, the amount which the company had agreed on the face of the policy to pay is lessened under the terms thereof. If the insured repays the money so advanced, the value of the policy automatically increases." *Wagner* v. *Thieriot,* 203 App. Div., 757, 197 N. Y. S., 560, 564, affirmed by the Court of Appeals in 236 N. Y., 588, 142 N. E., 295.

In a like case the Virginia court said:

"Under the terms of the policy, the company itself could not have enforced the payment of this note, after the death of the insured, out of any other fund than that pointed out by the policy as the primary fund for the

payment thereof. At the death of the insured, the net sum due on the policy was the extent of the liability of the company by reason of the policy, and, under its terms, providing for the deduction of the note, that sum was all the beneficiary was entitled to receive. As she has received that sum, no part of her estate was ever applied to the payment of the note.'' *Walker* v. *Penick's Ex'r*, 122 Va., 664, 95 S. E., 428, 431. To like effect see *Re Waldsburger's Estate*, 78 Colo., 516, 242 P., 982, 45 A. L. R., 718, and *Faris* v. *Faris*, 76 Ind. App., 336, 130 N. E., 444.

It is alleged in the bill that the insured was mentally incapable of transacting business at the time he executed the note and procured the advance from the insurance company. That, if proven, makes no difference so far as the rights of the complainant against the insured's estate are concerned. If the complainant lost anything by reason of the insurance company's dealings with a mental incompetent, that is a matter between the company and the complainant. If the insurance company had no claim against the estate of the insured, the complainant cannot maintain this suit. The chancellor so held and his decree must be affirmed.