# E. E. Forbes Piano Co. *v.*
# H. C. & W. B. Reynolds.

## *Detinue.*

(Decided June 30, 1911.  56 South. 270.)

1. *Mortgages; Bona Fide Purchaser; Mortgagee; Notice.*—Under
the facts in this case, the mortgagee is chargeable with notice that
the mortgagor bought the article mortgaged under an unfiled con-
tract retaining title in the seller only if he had actual notice, al-
though he knew of facts which if pursued might have resulted in a
discovery thereof.

2. *Same; Consideration.*—Where the mortgage was given to secure
an indebtedness contracted contemporaneously with its execution,
and for an indebtedness for advances to be made in the future, and
for the extension of an indebtedness already contracted, it was based
on a sufficient consideration to support the mortgagee's claim that he
was a bona fide purchaser as against one who had sold the mort-
gaged property, and retained title thereto until the purchase money
had been paid, but whose contract was not filed and recorded.

3. *Charge of Court; Confusing Instructions.*—A charge asserting that it is the duty of the jury to look at all the evidence and circumstances shown by the evidence in determining whether plaintiff had notice is confusing, as the jury has a right to look only to the circumstances shown by the evidence tending to show notice.

4. *Same; Invading Province of Jury.*—Charges asserting that there are circumstances shown by the evidence which it is the duty of the jury to consider in passing on the question of notice, invades the province of the jury, as it is for them to say whether there are such circumstances.

5. *Same.*—A charge asserting that if the jury believe that the conditions and surroundings were such as to put plaintiffs on inquiry, then they were chargeable with notice, leaves out of consideration requiring the jury to arrive at their belief from a consideration of the evidence and was, therefore, properly refused.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Detinue by H. C. & W. B. Reynolds against David Selman, in which the E. E. Forbes Piano Company was substituted as claimant. Judgment for plaintiffs, and claimant appeals. Affirmed.

The facts sufficiently appear in the opinion of the court. The following charges were refused to the claimant: (1) "I charge you, gentlemen of the jury, that it is your duty to look to all the evidence and circumstances shown by the evidence in reaching the conclusion whether or not the plaintiff had notice of the claimant's mortgage, and if you believe from the evidence that the plaintiff had such notice on or before the 5th day of August, 1905, then your verdict must be for the plaintiff." (3) "I charge you, gentlemen of the jury, that if you believe that the conditions and surroundings of David Selman was such as to put H. C. & W. B. Reynolds upon inquiry as to outstanding incumbrances, and H. C. & W. B. Reynolds did not use inquiry, then they are charged with negligence, and are not in the position of bona fide purchasers without notice."

LOGAN, VAN DE GRAFF & LOGAN, for appellant. Whatever is sufficient to put a party upon inquiry is sufficient

[E. E. Forbes Piano Co. v. H. C. & W. B. Reynolds.]

to charge him with notice.—*Chapman v. Glassell,* 13 Ala. 55; *Herbert v. Henrick,* 16 Ala. 597; *McGehee v. Gindrat,* 20 Ala. 100; *Lomax v. LeGrand,* 60 Ala. 543. Notice may consist of information as to collateral facts sufficient to cause inquiry, and which an ordinarily prudent man would follow to a knowledge of the main facts. 5 Mayf. 727; *Spencer v. Mobile,* 79 Ala. 487. The mortgagees were not bona fide purchasers, and not entitled to retain the legal title to the injury of another.—*Dickerson v. Tillinghast,* 25 Am. Dec. A fact important to be proved for the defense, and not proved, nor capable of proof, will be presumed not to exist.—*Roney v. Moses,* 74 Ala. 390; *Carter v. Chambers,* 79 Ala. 231; *Wood v. Holly Mfg. Co.,* 100 Ala. 323. The court should have granted a new trial.—*B. Ry. Co. v. Ensley,* 140 Ala. 312.

LAVENDER & THOMPSON, for appellee. Charge 1 was vague and indefinite, and the substance of it had been given in another charge.—*Ala. S. & W. Co. v. Tallant,* 165 Ala. 521; *B. R. L. & P. Co. v. Girod,* 164 Ala. 10; *Nat. Co. v. Thomas,* 164 Ala. 191; *K. C. M. & B. v. Burton,* 97 Ala. 240. There was conflict in the evidence, and the affirmative charge was properly denied.—*Peters v. Southern Ry.,* 135 Ala. 537; *White v. Farris,* 124 Ala. 470. The mortgagee was a bona fide purchaser.—*Snellgrove v. Evans,* 145 Ala. 600; *Randolph v. Webb,* 116 Ala. 135; *Thames v. Rembert,* 63 Ala. 561. On numerous authorities familiar to the court, the motion for new trial will not be here reviewed. The facts in the case do not show notice.—*Snellgrove v. Evans, supra.*

DE GRAFFENRIED, J.—This was a suit in detinue, brought by appellees against David Selman for the recovery of a piano, in which suit the appellant regularly appeared as claimant. Upon issues regularly made be-

tween the appellees and appellant, the case was tried by a jury, and there was a verdict in favor of appellees and a judgment of the court in accordance with the verdict.

It appears from the evidence that David Selman, who was an illiterate man and the owner of but little property, bought the piano on February 1, 1904, from appellant; that he executed his note for the purchase money, which was to be paid at the rate of $10 per month; and that the appellant reserved title to the piano in the note; it being expressly stipulated in the note that the piano was to be the property of appellant until all of the purchase money was paid. It further appears from the evidence that said Selman, on August 5, 1905, executed and delivered to appellees a mortgage on the piano and other personal property to secure a note for $600. The mortgage recites that it was executed for advances to make a crop and to secure all debts that the mortgagor might in future owe the mortgagees, and that it was additional security to other papers held by the mortgagees given by the mortgagor. This mortgage was filed for record on the 5th day of August, 1905, the day of its execution, and the above note to appellant for the purchase money of the piano made on February 1, 1904, was not filed for record until February 7, 1906. It further appears from the evidence that appellees were merchants, and that David Selman was a customer of appellees in 1904; and one H. E. Reynolds was the general manager of the appellees in 1905, and had from that time up to the trial continued as such; that in the year 1905 said David Selman moved to the farm of said H. E. Reynolds, near Centerville, and continued to live on said farm up to December, 1908, and that for the years 1906, 1907, and 1908 the said Selman executed mortgages to the appellees to cover advances for those years; each of said mortgages conveying, among other things,

the piano in question, and each providing that it was taken, not in satisfaction of the preceding mortgage or mortgages, but as additional security to the preceding ones. The evidence further tended to show that neither the purchase-money note of appellant nor the mortgage made to appellees in August, 1905, above described, had been paid, and that, when the mortgage was executed in August, 1905, David Selman owed appellees five or six hundred dollars. There was evidence tending to show that said mortgage, dated August 5, 1905, was given to secure an indebtedness then existing, but not due, advances made at the time of the execution of the mortgage, and future advances, and that such future advances were in fact made.

On the question as to whether the appellees had notice of the existence of the appellant's claim on the piano when the above mortgage was made, there is a flat and irreconcilable conflict in the testimony. David Selman and two or three of his sons swear positively that actual notice of the existence of appellant's claim was given to H. E. Reynolds, appellees' general manager, at the time of, and before the execution of the mortgage. H. E. Reynolds, on the other hand, swears positively that no such notice was given, and that neither he nor any of the appellees had notice of the existence of appellant's claim until long after the execution of the mortgage, and in this testimony he is corroborated, certainly in part, by the evidence of two or three witnesses.

The appellant contends that, as the evidence without conflict shows that Selman was poor and unable to own the piano, the purchase by him of such an instrument was alone sufficient to have given notice of the existence of appellant's claim. The argument is that when a man in Selman's condition in life buys a piano the community

knows that he has not the money with which to pay for it, and that therefore the community, and each member of it, knows that the vendor, under such circumstances, has protected himself by the reservation of title to the instrument until paid for.   We are inclined to think that in each rural community there are to be found certain well-inclined individuals who keep the entire community reasonably well informed as to the mode of life and the articles of personal and household adornment of each of their neighbors; and we are not inclined to lend an unwilling ear to the proposition that when Selman brought the new piano home with him and installed it in his house, and upon its responsive keys translated into music his conception of "The Dead March in Saul," or Nevin's "Canzone Amoroso," the neighbors, or at least some of them, sat up and talked and wondered where and how he got it.   But after Selman had remained in possession of the instrument for 18 months, and during that period had thus, in melodious tones, without molestation, advertised his ownership of it, we are inclined to believe that curiosity had been rightfully lulled into repose, and that when appellees took their mortgage in August, 1905, there was, under the evidence as it appears in the record, no fact, conceding the want of actual knowledge, tending to put them on inquiry as to the existence of appellant's claim.

The true question, under the facts of this case, on the subject of notice, was not whether appellees had facts in their possession which, if pursued, would have resulted in the discovery of the existence of appellant's claim, but whether, under the evidence, they in fact did or did not possess actual notice of such claim when the mortgage was made in August, 1905.   The evidence on this subject was in dispute, and the issue was one for the jury.

As there was evidence tending to show that the mortgage in evidence was made to secure an indebtedness contracted contemporaneously with the execution of the mortgage, indebtedness for advances to be made in the future and the extension of an existing indebtedness, and that appellees had no knowledge of appellant's claim when the mortgage was executed, there was evidence tending to show that appellees were bona fide purchasers without notice, and, under the evidence, this issue was also for the jury.—*Whitfield v. Riddle,* 78 Ala. 99; *Teat v. Chapman,* Infra, 56 South. 267; 4 Mayfield's Dig. p. 229, § 769.

Charge 1 requested by the claimant was calculated to confuse the jury, and was properly refused. The jury, in passing upon the question, vel non, of notice to appellees of claimant's rights, had no right to look to all the circumstances shown by the evidence, but only to the circumstances shown by the evidence tending to show notice to appellees of the existence of claimant's title to the instrument. It also tended to invade the province of the jury, in that it instructs the jury, as matter of law, that there were circumstances shown by the evidence which it was the duty of the jury to consider in passing on said question, when it was for the jury alone to say whether there were any such circumstances shown by the evidence.

Charge 3 requested by the claimant was patently bad. It is based upon the belief of the jury as to the existence of certain conditions and surroundings; but it does not require the jury to arrive at such belief from a consideration of the evidence.

The questions submitted for our consideration on the exception to the refusal of the trial court to grant a new trial were carefully considered by us and fully discussed in the case of *Mobile Light & R. R. Co. v.*

*Frank Davis,* Infra, 55 South. 1020. Following the reasoning of the court in that case, we are constrained to hold that the facts contained in this record do not present such preponderance of evidence against the verdict of the jury as to convince this court that the verdict was palpably unjust.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.