(106 So. 858)

## MIZELL v. SYLACAUGA GROCERY CO.
### (5 Div. 918.)

(Supreme Court of Alabama. Nov. 27, 1925. Rehearing Denied Jan. 21, 1926.)

**1. Partnership �köÿ55—In action by strangers against partners, proof of partnership relation not as strict as between partners.**

In action by strangers against partners or for liability imposed on a partner, the same strictness of proof is not required to establish the relationship or liability as is required between partners inter se, where the fact of relationship must be proved.

**2. Partnership �köÿ49—Declarations of partner, not made in presence of other partner, are competent, where existence of partnership is otherwise established.**

Where existence of partnership has been otherwise established, the declarations of the partners within scope of business, though not made in presence of other partner, are competent evidence.

**3. Partnership �köÿ50—Statements of a partner to witness that another was also a partner held properly admitted in evidence.**

Where plaintiff's witness knew of recorded partnership agreement prior to extension of credit by plaintiff, evidence of statements by one of defendants to witness that other defendant was a partner was properly admitted in evidence.

**4. Partnership ⊦köÿ218(3)—Evidence held to make a jury question as to imposed liability as a partner.**

In action against defendants as partners, evidence held to make a jury question as to liability of one defendant as a partner.

**5. Trial ⊦köÿ143—Contradictory tendencies of evidence are for jury.**

Contradictory tendencies of evidence are for the jury.

**6. Partnership ⊦köÿ218(3)—Affirmative charges properly refused under special plea denying liability for debts of company.**

In action against defendants as partners, affirmative charges requested by defendants, were properly refused under special plea denying liability for debts and obligations of the company.

**7. Trial ⊦köÿ82—Rulings under general ground of objection held not error.**

In action against defendants as partners, where case was submitted on question of fact whether or not one of defendants was liable because he knowingly permitted himself to be held out as a partner, rulings on evidence as

to suit of defendant company against such defendant were not error under general grounds of objection, since court is not required to seek proper objection as to admissibility of evidence.

**8. Partnership ⊕⟹50—Evidence as to suit by company against one of partners held competent to establish existence of partnership.**

In action against defendants as partners, evidence as to suit by defendant company against one of defendants as a partner, from which the inference might be drawn that suit was settled at instance of such defendant, and that he was materially interested therein, was competent, as tending to establish existence of partnership.

**9. Partnership ⊕⟹218(3)—Inference from evidence showing existence of partnership held to present a jury question.**

Where evidence of a suit by defendant company against one of defendants as a partner was properly admitted to show existence of partnership, inference therefrom that defendant was a victim of circumstances *held* to present a jury question under all the evidence.

**10. Evidence ⊕⟹121(3)—Statement as to circumstances surrounding writing of letter held within res gestæ and admissible.**

In action against defendants as partners, where one of defendants offered in evidence through a witness a letter by defendant company to another company, statement by witness that other company was threatening suit against defendant company for damages was within the res gestæ of the writing of the letter, and admissible.

**11. Partnership ⊕⟹216(3)—Complaint describing two partners held not a variance from proof showing a third.**

Complaint describing two defendants as partners is not a variance from proof showing another partner, since any or all of partners may be sued.

**12. Partnership ⊕⟹218(2)—Instruction to hold defendant liable as a partner if he held himself out as such and defendant relied thereon held proper.**

In action against defendants as partners, instruction to hold one of defendants liable as a partner, though he was not a member of the partnership at time plaintiff's claim was created, if he knowingly permitted himself to be held out as a partner and plaintiff in extending credit relied thereon, *held* proper.

**13. Partnership ⊕⟹218(2)—Instruction as to liability of persons holding themselves out as partners, and as to liability of one representing another to be his partner, for acts of the other, held proper.**

In action against defendants as partners, instruction that when parties hold themselves out as partners and induce others to deal with them as such, it is no defense that no partnership in fact existed, and one representing that another was his partner will be liable for acts of the other within scope of firm's business, though without knowledge of the transaction, if one relying on truth of representation has been misled thereby to his prejudice, *held* proper.

**14. Trial ⊕⟹234(5), 253(10) — Requested instruction that defendant was under no duty to notify plaintiff that he was not a partner unless he knew plaintiff was about to act thereon held properly refused as against the evidence, and as failing to hypothesize "if jury believe the evidence."**

In action against defendants as partners, requested instruction that there was no duty on defendant to notify plaintiff that he was not a member of defendant company, unless defendant knew that plaintiff was about to extend credit to the company in belief that he was a partner, *held* properly refused, as ignoring evidence that defendant knew he was being held out as a partner, and that plaintiff might be misled thereby, and as failing to hypothesize "if the jury believe the evidence."

**15. Trial ⊕⟹253(10)—Requested instruction as to liability of defendant as partner after dissolution of partnership held properly refused, as ignoring part of evidence and too restrictive.**

In action against defendants as partners, requested instruction that defendant is not liable if partnership was dissolved by his withdrawal, unless he held himself out to plaintiff as a partner or knowingly permitted himself to be held out as a partner, *held* properly refused, as ignoring evidence that defendant knew he was being held out as a partner, and as improperly restricting holding out as a partner to plaintiff alone.

**16. Trial ⊕⟹260(1)—Requested instruction covered in court's oral charge held properly refused.**

Requested instruction, covered in principles stated in court's oral charge, *held* properly refused.

**17. Partnership ⊕⟹218(2)—Requested instruction that defendant company was a noncommercial concern in which there was no implied authority for one partner to bind another in purchase of groceries held properly refused.**

In action against defendants as partners, requested instruction that defendant company was a noncommercial concern, in which one partner has no implied authority to bind the others by purchases of groceries, *held* properly refused, as contrary to evidence showing defendant company to have required groceries for which credit was extended, and as pretermitting question of fact as to whether defendant company was a commercial concern.

**18. Partnership ⊕⟹218(2)—Requested instruction restricting liability of partnership to articles customarily used in operation of business held properly refused.**

In action against defendants as partners, requested instruction implying that to bind defendants as partners articles purchased must be such as are customarily used in defendants' business was properly refused, since liability may be predicated on knowledge or holding out that goods were being generally purchased when charged to the partnership.

⊕⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**19. Trial** ☞244(2), 253(8) — **Requested instruction, that recording of partnership agreement by one of defendants is not in law a holding out of other defendant as a partner, held properly refused.**

In action against defendants as partners, requested instruction that act of one of defendants in recording a partnership agreement is not in law a holding out that other defendant was a partner was properly refused, as unduly singling out a part of the evidence and ignoring evidence showing agreement to have been recorded with other defendant's knowledge and consent.

**20. Partnership** ☞218(2)—**Requested instruction that defendant is not bound unless plaintiff was directed to record of partnership agreement with his knowledge or consent held properly refused.**

In action against defendants as partners, requested instruction that defendant is not bound by act of plaintiff in reading record of partnership agreement, unless plaintiff was directed to record with defendant's knowledge or consent, *held* properly refused, as unduly restricting the operation or effect of recorded agreement; it not being necessary that plaintiff should have been directed to record by either of the partners.

On Rehearing. .

**21. Partnership** ☞213(1)—**Special plea denying liability for debts of partnership held not to require replication in nature of estoppel.**

In action against defendants as partners, special plea denying partnership existence, and further denying liability for debts of defendant company, does not require a replication setting up an estoppel.

Appeal from Circuit Court, Coosa County; E. S. Lyman, Judge.

Action on the common counts by the Sylacauga Grocery Company against C. W. Mizell and A. M. Carter, doing business as the Coosa County Turpentine Company. From a judgment for plaintiff, defendant Mizell appeals. Affirmed.

These charges were given at plaintiff's request:

(4) "The court charges the jury that, even though you may not believe from the evidence that defendant, ·Mizell, was a member of the firm of the Coosa County Turpentine Company, at the time the plaintiff's claim ·against it was created, yet the defendant, Mizell, is liable on the claim sued on if you are reasonably satisfied from the evidence in the case that defendant, Mizell, knowingly permitted himself to be held out as a partner in said firm, and that plaintiff in extending credit to said firm relied on such conduct and believed defendant, Mizell, to be a partner in said firm."

(5) "The court charges the jury that when persons hold themselves out as partners and thereby induce others to deal with them in that capacity, it is no defense that no partnership, as a matter of fact, existed, and one whose previous declarations or conduct have amounted to a representation that another was his partner will be liable as such for the acts of the other within the scope of the firm's business, though not consulted and without knowledge of the transaction, if one relying on the truth of such representations has been misled thereby to his prejudice."

The following are charges refused to defendant:

(2) "The court charges the jury that the act of Carter in recording, or having the excerpt of the agreement of August 30th, 1919, recorded, is not in law a holding out of Mizell as a partner of Coosa County Turpentine Company."

(6) "The court charges the jury that there was in this case no duty on defendant, Mizell, to notify plaintiff that he was not a member of the firm of Coosa County Turpentine Company, unless defendant knew that plaintiff was about to extend credit to said company in the belief on plaintiff's part that defendant was a member of said firm or company."

(9) "If the jury find from the evidence that the partnership of Coosa County Turpentine Company, composed of Douglas, Mizell, and Carter, was dissolved by the withdrawal of Douglas and Mizell, then the defendant, Mizell, is not liable to the plaintiff in this case unless he held himself out to the plaintiff as a partner, or knowingly permitted himself to be held out to the plaintiff as a partner, at the time plaintiff extended the credit in question to said company."

(11) "The court charges the jury that unless they find from the evidence that Mizell or Carter, at the instance of Mizell, or with his knowledge, or acquiescence, directed the plaintiff or its officer to the record of the excerpt from the agreement of August 30, 1919, then the defendant, Mizell, is not bound by the act of the plaintiff or its officer in going to and reading said record."

(13) "The court charges the jury that, under the evidence in this case, the Coosa County Turpentine Company was a noncommercial concern, and that in such a concern one partner has no implied authority to bind the other partners by purchases of such goods on credit as flour, meal, feedstuff, coffee or sugar, or heavy groceries."

(14) "The court charges the jury that the burden of proof is on the plaintiff to show to their reasonable satisfaction by the proof that the goods sold by the plaintiff to Coosa County Turpentine Company were such as are customarily used in the conduct or operation of a turpentine business."

H. A. Teel, of Rockford, W. W. Sanders, of Elba, and W. O. Mulkey, of Geneva, for appellant.

A person becomes liable as a partner to third persons when he is a partner in fact, or permits himself to be held out or holds himself out as such; but there is no liability to third persons who have notice of the real facts and have not been misled to their prejudice. Ala. F. Co. v. Reynolds, 85 Ala. 19, 4 So. 639; Humes v. O'Bryan, 74 Ala. 64; Fletcher v. Pullen, 70 Md. 205, 16 A. 887, 14 Am. St. Rep. 355; Marble v. Lypes, 82 Ala.

322, 2 So. 701; McCrary v. Slaughter, 58 Ala. 230; Bates on Partnership, 108, 109, 115. An estoppel, to be available, must be specially pleaded. Baker v. Amer. Agri. Co., 201 Ala. 328, 77 So. 866; Wells v. Parker, 200 Ala. 166, 75 So. 914; Clark v. Johnson, 155 Ala. 648, 47 So. 82; Jones v. Peebles, 130 Ala. 269, 30 So. 564; Roland v. Logan, 18 Ala. 307; Eggleston v. Wilson, 211 Ala. 140, 100 So. 89. The partnership for the operation of a turpentine plant is not a trading or commercial partnership. Woodruff v. Scaife, 83 Ala. 152, 3 So. 311; Lichenstein v. Murphree, 9 Ala. App. 108, 62 So. 444; 30 Cyc. 479; Lee v. Bank, 45 Kan. 8, 25 P. 196, 11 L. R. A. 238. The declarations of one partner, not made in the presence of his copartner, are not competent to prove the existence of a partnership. Owensboro v. Bliss, 132 Ala. 253, 31 So. 81, 90 Am. St. Rep. 907; Humes v. O'Bryan, 74 Ala. 64; Central R. v. Smith, 76 Ala. 579, 52 Am. Rep. 353; McNeill v. Reynolds, 9 Ala. 313; Thornton v. Kerr, 6 Ala. 823. Record of the unsigned partnership agreement in the probate office was not admissible in evidence. Marks v. William, 117 Ky. 663, 78 S. W. 864, 1105, 4 Ann. Cas. 814; Cook v. Slate, 36 Ohio St. 135, 38 Am. Rep. 568; Potter v. Green, 9 Gray (Mass.) 309, 69 Am. Dec. 290. It is improper for a witness to state his conclusion regarding the issue which is being tried by the jury. Brandon v. Progress Dist. Co., 167 Ala. 365, 52 So. 640; Alexander v. Handley, 96 Ala. 220, 11 So. 390. The complaint alleged a partnership composed of Mizell and Carter; the proof showed a partnership composed of these two and another. There was, hence, a variance, entitling defendant to the affirmative charge. Warner v. Cooper, 131 Ala. 297, 31 So. 28. The dissolution of a partnership terminates all liability of the partners as such, in absence of express agreement by the partner sought to be charged. Cunningham v. Bragg, 37 Ala. 436; Myatt & Moore v. Bell, 41 Ala. 222; 20 R. C. L. 969.

Felix L. Smith, of Rockford, and Holley & Milner, of Wetumpka, for appellee.

In actions against partners, less proof is required than to establish the relationship as between themselves. Cain Lbr. Co. v. Standard Kiln Co., 108 Ala. 349, 18 So. 882; 4 Mayfield's Dig. 387; Frankel v. Hillier, 16 N. D. 387, 113 N. W. 1067, 15 Ann. Cas. 265. When the fact of a partnership has been otherwise proven, the declaration of one partner, though not made in the presence of the other, is admissible, in corroboration and to show credit given on the faith of the existence of the partnership. Clark v. Taylor, 68 Ala. 453; Humes v. O'Bryan, 74 Ala. 81; Hohnadel v. Ellsworth, 154 Ill. App. 484; Oil Well Supp. Co. v. Metcalf, 174 Mo. App. 555, 160 S. W. 897. An engagement of an individual member, if coming within the knowledge of his copartners and assented to by them, is obligatory on the concern; and one partner is bound by the act of another, if the thing done is necessary to carry on the business of the partnership. McNeill v. Reynolds, 9 Ala. 313; Woodruff v. Scaife, 83 Ala. 154, 3 So. 311; Dowling v. Bank, 145 U. S. 512, 12 S. Ct. 928, 36 L. Ed. 795. Proof of a partnership and of those who control it is made by conduct, control, conversation, or that a person has permitted himself to be held out as a partner, and that third persons have dealt with the firm on the faith that the relation exists. Eggleston v. Wilson, 211 Ala. 140, 100 So. 89; Id., 208 Ala. 167, 94 So. 108; Cain Lbr. Co. v. Standard Kiln Co., 108 Ala. 349, 18 So. 882; Dicks v. McAllister, 211 Ala. 422, 100 So. 632; 4 Mayfield's Dig. 387. In suing a partnership, any or all members may be sued. Rabitte v. Orr, 83 Ala. 185, 3 So. 420; Austin v. Beall, 167 Ala. 426, 52 So. 657, Ann. Cas. 1912A, 510.

THOMAS, J. The suit is on common counts against defendants as parties doing business under a firm name and style. Defendants pleaded the general issue and that denying the partnership existence.

[1, 2] The liability of partners for the contracts of the partnership and that imposed on one held out as a partner was the subject of extended discussion in Eggleston v. Wilson, 211 Ala. 140, 100 So. 89. These recognized rules need not now be repeated. It is declared that in actions by strangers against partners or for the liability imposed on a partner, that same strictness of proof is not required to establish the relationship or liability as is required in suits between partners inter se, where the fact of the relationship must be proved. Cain Lumber Co. v. Standard Dry Kiln Co., 108 Ala. 349, 18 So. 882; Paterson v. Mobile S. Co., 202 Ala. 471, 80 So. 855. When the fact of the existence of the partnership has been otherwise established, the declarations of the partners, within the scope of the business, though not made in the presence of the other, are competent evidence. Eggleston v. Wilson, 211 Ala. 140, 100 So. 89; Conner v. Ray, 195 Ala. 170, 70 So. 130; Clark v. Taylor, 68 Ala. 453; Alabama Fertilizer Co. v. Reynolds & Lee, 85 Ala. 22, 4 So. 639; Id., 79 Ala. 501; Humes v. O'Bryan, 74 Ala. 64; Dicks v. McAllister, 20 Ala. App. 5, 100 So. 631.

[3-6] There was no error in permitting Carter's statements to plaintiff's witness, Golson, as to who composed the partnership—that Mizell was interested and a partner. The excerpt of the partnership agreement of the company recorded in the county of Coosa was furnished Carter by Mizell, and was recorded at his request or with his permission; the same was known to Golson at the time of and prior to the extending of the credit for which suit is brought. There are further tendencies of evidence to the effect that Carter stated to Golson that appellant was a partner; that appellant, having been sued as

partner in another case, settled the same before trial was concluded by verdict; the failure of appellant to deny that he gave per-mission to Carter to have the excerpt of the contract showing the partnership relations recorded in the county and community where the credit was extended; and that appellant told Golson that said Turpentine Company had to have credit for merchandise, and he thought same would be paid. The foregoing made a jury question as to imposed liability as a partner and indicates there was no error in admitting the evidence in question. Contradictory tendencies of evidence are for the jury. Affirmative charges requested were properly refused under the special plea denying liability for the debts and obligations of that company. Jones v. Bell, 201 Ala. 336, 77 So. 998; McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

[7-9] The case was given to the jury on the question of fact whether or not Mizell was liable because he knowingly permitted himself to be held out as a partner. And the ruling on evidence will be considered in that light. There was no error in ruling as to evidence of the suit of Coosa County Turpentine Company against defendant under the general grounds of objection assigned, as the court is not required to seek proper objection as to the admissibility of evidence. Lester v. Jacobs, 212 Ala. 614 (10), 103 So. 682. However, according to 'the evidence, there was basis for the inference that the settlement of that suit was at appellant's instance, and that he was materially interested therein, or that he furnished the moneys for the effectuation of the same. The evidence was competent as tending to establish the existence of the partnership. Eggleston v. Wilson, supra. The other phase of the evidence, or inference therefrom, that defendant was the victim of circumstances in that suit, presented a jury question under all the evidence.

[10] The appellant had offered, through the witness, Carter, a letter by Coosa County Turpentine Company to the Ark-Ala Lumber Company. He cannot therefore complain that Carter was permitted to explain that that company was threatening suit against the Turpentine Company for damages to the timber under the contract provision. The question now challenged was within the res gestæ of the writing of the letter. L. & N. R. R. Co. v. Quinn, 146 Ala. 330, 39 So. 756; Gibson v. Gaines, 198 Ala. 583, 73 So. 929; Bank of Phœnix City v. Taylor, 196 Ala. 665, 72 So. 264.

[11] There was no variance in allegata and probata. The complaint described as the partners Carter and Mizell. The fact that the evidence showed another partner is immaterial. Any or all of them may be sued. Rabitte v. Orr Bros., 83 Ala. 185, 3 So. 420.

[12-16] Given charges Nos. 4 and 5, for plaintiff, under the evidence, were in accord with the decisions adverted to in Eggleston v. Wilson, 211 Ala. 140, 100 So. 89. Charges 6 and 9, requested by defendant, were properly refused, in that they ignore tendencies of evidence showing that Mizell knew that Carter was or had been holding him out as a partner in the county or community in question (and where the credit was extended), and that persons, including the plaintiff, might be misled in extending credit to the company on the assumption that defendant was a partner. Moreover, charge 6 fails to hypothesize "if the jury believe the evidence," and charge 9 improperly restricts the holding out as a partner to the plaintiff alone. This is not the rule of Eggleston v. Wilson, supra. The last named charge was covered, in the principles sought to be stated, in the court's oral charge.

[17, 18] The evidence showed that the Turpentine Company was such a commercial enterprise as, in the conduct of its business or operations, must have groceries, etc., for which the credit was extended. Charges 13 and 14 pretermitted the question of fact as to whether the Turpentine Company was or was not a "commercial concern." Charge 14 was incorrect in its implication to the jury that, in order for plaintiff to recover, the articles purchased must be such as customarily used in the operation of a turpentine business, when liability of parties may be predicated on knowledge, or holding out, that goods were being generally purchased and charged to the partnership. Lewis v. Isbell Nat. Bank, 198 Ala. 484, 73 So. 655; McNeill v. Reynolds, 9 Ala. 313.

[19] Charge 2 was refused properly as unduly singling out a part of the evidence. Alabama Power Co. v. Goodwin (Ala. Sup.) 106 So. 239;[1] Miller v. Whittington, 202 Ala. 406, 80 So. 499; Councill v. Mayhew, 172 Ala. 313, 55 So. 314. Moreover, it ignores the tendency of evidence that agreement was recorded with Mizell's knowledge and consent.

[20] Charge 11 unduly restricts the operation of the effect of the recorded agreement. It is sufficient that plaintiff know its contents or legal effect, though not directed thereto by Mizell or by Carter—it was evidence tending to show a holding out generally as a partner with the knowledge and consent of Mizell.

We have examined the evidence in the record, and find no reversible error.

The judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

On Rehearing.

THOMAS, J. [21] If the special plea denying partnership existence had restricted its allegations to that denial, it perhaps would have been necessary for plaintiff to have replied specially setting up the estoppel. However, the plea goes further and denies any

---

[1] Ante, p. 15.

liability "for the debts and obligations of the Coosa County Turpentine Company."

Application overruled.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.