140 So. 353

## CITY OF BIRMINGHAM v. FLOWERS.

### 6 Div. 98.

Supreme Court of Alabama.

March 10, 1932.

280

Altman & Koenig, of Birmingham, for appellee.

Wilkinson, Burton & Wilkinson, of Birmingham, for appellant.

ANDERSON, C. J.

While the border line, in some instances, is close as to when certain overflows to land are to be regarded as permanent and the damage to the land is to be based upon the difference in the value of the land with or without the cause of the overflow, or whether the said overflows occurring at different times are to be regarded as occasional recurrent ones and each overflow constitutes a separate and distinct cause of action, yet in our case of Sloss-Sheffield S. & I. Co. v. Mitchell, 181 Ala. 576, 61 So. 934, 935, it was said: "Where the channel of a stream is so obstructed by a permanent dam or fill as to cause a constant overflow upon another's lands, the damages are regarded as original and must be recovered in one action. But where the dam or fill is provided with a culvert sufficient to carry off the water of the stream in its usual volume, and causes only occasionally recurrent overflows, the damage is continuing, and each overflow constitutes a separate and distinct cause of action."

■ Count A charges the maintaining of a permanent culvert insufficient to take care of the water naturally flowing through said ditch or drain and that said water backed up and flowed over plaintiff's land causing the damage therein set out. Therefore the gravamen of the action was the substitution of a permanent culvert for the existing ditch or drain and which said culvert was inadequate to carry off the natural flow of water, and states but a single cause of action. True, the complaint gives the different dates of the overflows, but this was a mere averment of evidential facts which did not amount to stating separate and distinct causes of action in the same count of the complaint. The test between the two classes seems to be not merely in the permanence of some special injury to the freehold, but rather in the permanence of the original cause and completeness of its injurious results once and for all. St. Louis, I. M. & S. R. Co. v. Biggs, 52 Ark. 240, 12 S. W. 331, 6 L. R. A. 804, 20 Am. St. Rep. 174. The present complaint charges a permanent culvert and which is insufficient to carry off the water in its natural or usual volume.

In our leading case of Alabama G. S. R. Co. v. Shahan, 116 Ala. 302, 22 So. 509, 511, the damage and overflow was charged to be due to negligence in permitting the culvert to be obstructed from extraneous causes and not that it was insufficiently constructed so as to carry off the usual flow of water. In other words, the opinion states that the complaint is not clear as to whether the pleader intended to aver that the culvert was insufficiently constructed for the passage of water, or whether it had become insufficient for the passage of water by reason of extraneous causes, and which were negligently allowed to remain. "Construing the pleadings most strongly against the pleader, we hold that the latter is the legal construction to be placed upon the averment."

The case of Town of Tarrant City v. Pope, 221 Ala. 662, 130 So. 390, is in no wise opposed to the present holding. It merely discussed what would and would not come within the protection of section 235 of the Constitution, and states that negligence in maintaining the ditch resulting in its becoming choked and causing overflows would stand on a different footing. This we think meant a temporary cause rather than a permanent one such as considered in the Shahan Case, supra, and not a permanent culvert inadequate to discharge the natural flow of water as described in the present complaint.

■ The case of Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83, supports rather than opposes the present holding, and draws the same distinction that we have attempted in the present opinion; that is, if the improvement is of a permanent character and not abatable as a nuisance, the injury thereby done should be assessed in solido. If the improvement itself is proper but the damage results from a negligent maintenance of, same, each recurring injury resulting therefrom affords separate rights of action.

True, the negligence charged is in the maintenance rather than the construction of the culvert, but the negligence in the maintenance is due to a culvert insufficient to discharge the volume of water and not to the maintenance thereof after it had become stopped up or defective. In other words, the gist of the action is for negligently maintaining a culvert which had been improperly constructed for the purpose of discharging the natural flow of water.

The trial court did not err in overruling the defendant's demurrer to count A of the complaint.

■ It is next insisted that the defendant was entitled to the general charge for several reasons: First, that there was a total failure

of proof of negligence on the part of the defendant. In the first place, it was open to the jury to find negligence on the part of the defendant's servants in the construction of the culvert much smaller than the natural or existing ditch or drain. Again, the assistant engineer had notice of the March overflow, and the defendant continued to maintain the culvert in an unchanged condition, and which caused successive and repeated overflows as described in the complaint and shown by the proof.

It is next urged that the culvert was sufficient to take care of the natural flow of water and that the overflows in question were due to excessive and unprecedented rainfalls. If those of March and November stood alone, under the evidence of Horton, the weather man, the rainfall for those months was quite abnormal; but the evidence also shows that at other periods and during other months the plaintiff's home was flooded and that the rains were not necessarily unprecedented. True, the proof shows that the plaintiff's property had not been flooded from the construction of the culvert in 1927 until March, 1929, two years thereafter, but, from aught appearing, the rainfall for this period may have been below the average and more equally distributed between the different months. At any rate, the trial court did not err in leaving this question to the jury. Moreover, the jury could infer negligence and notice to the defendant's servants from the nature and character of the overflows which extended through several months. What we hold is in line with the doctrine set forth in the case of Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922. True, there is a statement in the opinion in said case that notice, actual or implied, must be averred and proven, but we have in subsequent cases held that the averment of negligence was the equivalent of charging express or implied notice. City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619, and cases there cited.

We do not think there was a fatal variance as to the description of plaintiff's property. Both the complaint and proof sufficiently established the identity of the property as to leave no doubt as to same. Bessemer v. Pope, 212 Ala. 16, 101 So. 648.

■ The trial court did not err in refusing the defendant's requested charge 115. If not otherwise faulty, it was misleading. True, the complaint charges negligence in maintaining rather than constructing the culvert, but, if it was negligently constructed, it was negligently maintained and if it was not improperly constructed it was not negligently maintained, as there is no proof that it was permitted to get choked or stopped up so as to cause the overflows.

■ The trial court did not err in its oral charge as to the measure of damages; that is, the difference in the value of the land with and without the overflows, present and prospective, caused by the defective culvert.

The defendant's requested charges as to the different overflows evidently proceed upon the contention that each overflow constitutes a separate cause of action, and we hold that, as they resulted from a permanent defective drainage system, there is but one cause of action, and the different overflows are to be considered as evidential facts in determining whether or not the drainage was defective and the extent to which the plaintiff's property was affected in value as a result thereof.

■ There was no error in refusing the defendant's requested charge 29. If not otherwise faulty, its refusal can be justified because the undisputed evidence shows that the defendant's engineer, Webb, learned of the March overflow immediately or very soon thereafter.

The complaint claims damages to realty, and the claim was properly filed under section 10 of the Act of 1915, page 297. Section 12 applies to personal injuries and not to real estate. The trial court did not err in admitting the claim in evidence.

■ The trial court did not err in not striking from the complaint the averment, "And the value of plaintiff's said property was greatly depreciated." This question is fully covered in discussing the demurrer to the complaint. Moreover, the trial court will not be reversed for refusing to strike nonrecoverable damages from a complaint, as the matter can be subsequently raised by objection to the evidence or special instructions.

The excepted to portion of the oral charge made the basis of the fourteenth assignment of error, when taken in connection with the entire charge, was free from error.

Finding no reversible error in the rulings of the trial court, as insisted upon by the defendant, the judgment of the circuit court is affirmed. The appellee has also assigned errors as provided by section 6091 of the Code of 1923. As this case is affirmed, and which is favorable to the plaintiff, and as none of the cross-assignments of error relate to the quantum of damages, it can serve no useful purpose to discuss these assignments.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.