155 So. 527

## CITY OF BIRMINGHAM v. JACKSON et al.

### 6 Div. 518.

Supreme Court of Alabama.

April 12, 1934.

Rehearing Denied May 31, 1934.

Further Rehearing Denied June 28, 1934.

W. J. Wynn and T. A. McFarland, both of Birmingham, for appellant.

John W. Altman and Fred G. Koenig, both of Birmingham, for appellees.

BROWN, Justice.

This is an action of trespass on the case by the appellees against the appellant for the negligent maintenance of a "permanent culvert * * * constructed and maintained as a part of the permanent public highway designated and known as 24th Street, North," in the city of Birmingham, inadequate to take care of surface water in times of rainfall, as a proximate consequence of which "said water backed up and flowed on, and overflowed upon plaintiffs' said property," greatly depreciating its value.

This case is a companion of the case of City of Birmingham v. Flowers, 224 Ala. 279, 140 So. 353, and the alleged damage to plaintiffs' property resulted from the same cause as that dealt with in the Flowers Case. .

The appellant's first contention is that the court erred in giving, at the plaintiffs' request, special instruction made the predicate for the first assignment of error dealing with the measure of damages. The criticism of the charge is not that it erroneously states the rule for the admeasurement of plaintiffs' damages under the facts of the case, but that it omits the element of time "immediately before and after," and does not require the jury to predicate their findings on the evidence in the case, and that in giving this charge the court committed reversible error. In support of this contention appellant cites Larkinsville Mining Co. v. Flippo, 130 Ala. 361, 30 So. 358; E. E. Forbes Piano Co. v. H. C. & W. B. Reynolds, 1 Ala. App. 501, 56 So. 270; Mizell v. Sylacauga Grocery Co., 214 Ala. 204, 106 So. 858; and Southern Ry. Co. v. Floyd, 99 Miss. 519, 55 So. 287, 288.

In all these cases, except the Mississippi case, the court was dealing with special instructions refused, and justified their refusal because they were misleading. In the Mississippi case the court was dealing with an instruction given, embodying the expression, "If the plaintiff has shown by the evidence," and the contention there was that the instruction was erroneous and should have instructed the jury that their finding of the facts hypothesized must be predicated on the belief of the evidence. The court held that this contention was "hypocritical."

While the omission of the element of time rendered the charge misleading, in substance it stated the correct rule for the admeasurement of damages. City of Birmingham v. Flowers, supra; Sloss-Sheffield S. & I. Co. v. Mitchell, 181 Ala. 576, 61 So. 934; Fuller v Fair, 202 Ala. 430, 80 So. 814.

We conceive it to be well settled that the giving of a charge that is merely misleading does not constitute error to reverse. Hall v. Posey, 79 Ala. 84; Duncan v. St. Louis & San Francisco Railroad Co., 152 Ala.

118, 44 So. 418; Mansfield v. Morgan, 140 Ala. 567, 37 So. 393; Walls v. Decatur Fertilizer Co., 215 Ala. 426, 111 So. 214.

The appellant's next contention is that the court erred in refusing special instructions made the predicate for the second and third assignments of error. The insistence is that the evidence shows without dispute that the rainfall of March 13 and 14, 1929, was unprecedented, and therefore the injury resulting therefrom was an act of God.

"A flood is 'unprecedented' if it is somewhat higher or somewhat more destructive than any preceding flood." The expression "unprecedented rainfall" may be "defined as such an unusual and extraordinary rainfall as has no example or parallel in the history of rainfall in the vicinity affected, or as affords no reasonable warning or expectation that it will likely occur again." 66 C. J. page 55; Nashville, C. & St. L. Ry. v. Yarbrough, 194 Ala. 162, 69 So. 582; Zollman v. Baltimore & O. S. W. R. Co., 70 Ind. App. 395, 121 N. E. 135.

"The reason for the exception from liability when the damage is caused by an unexpected and unprecedented occurrence of nature is found in the fact that man cannot provide against it and has no reasonable expectation that it will likely occur." Nashville, C. & St. L. Ry. v. Yarbrough, 194 Ala. 162, 168, 69 So. 582, 584.

Said charges, if they be deemed applicable to the issues, were invasive of the province of the jury, and were properly refused. Nashville, C. & St. L. Ry. v. Yarbrough, supra. We are of opinion that said charges were properly refused for a better reason. The count on which the case was tried seeks to recover for injury resulting from a permanent structure which diminished the value of the plaintiffs' property, and not damages resulting from any specific flood or rainfall. The charges were both abstract and misleading. City of Birmingham v. Flowers, supra.

The last-stated reason justifies the court in refusing the special charge made the predicate of assignment of error 4.

Under the averments of the complaint claiming damages for permanent injury only, the evidence going to show the consequences attending the flooding of plaintiffs' property after the construction of the culvert was admissible, not as an element of damages, but to fix the date and consequences of the damnifying act and aid the jury in determining what, if any, permanent injury and damage the plaintiffs suffered from the negligent maintenance of the culvert, if it was negligently maintained. City of Birmingham v. Flowers, 224 Ala. 279, 140 So. 353.

It was permissible for the court to allow the defendant on cross-examination of the witness Flowers to show that he had sued the defendant for the same occurrences involved in plaintiffs' case, and that plaintiff testified as a witness in his behalf. This testimony was admissible to show interest or bias of the witness. Stahmer v. State, 125 Ala. 72, 27 So. 311; Jones v. Tennessee Coal, Iron & R. Co., 202 Ala. 381, 80 So. 463; McCormack v. State, 133 Ala. 202, 32 So. 268; Bice v. Steverson, 205 Ala. 576, 88 So. 753; Drum & Ezekiel v. Harrison, 83 Ala. 384, 3 So. 715.

This, however, did not arm the plaintiff with the right, on redirect examination, to show by the witness that the jury in his case returned a verdict in his favor, as this fact shed no light on the credibility of the witness and was wholly irrelevant and immaterial to the issue being tried. City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486; Ex parte Hill (In re City of Tuscaloosa v. Hill), 194 Ala. 559, 69 So. 598.

There was no objection to the question put to the witness on redirect examination, nor did the witness answer the same; and we are not of opinion that the court erred in refusing defendant's motion to enter a mistrial and continue the case.

The statement in the bill of exceptions as to the argument of defendant's counsel, embodying the excerpt to which objection was sustained by the court and made the predicate for the fifth assignment of error, is too meager to authorize a review of that ruling. Kratz v. Bonner, post, p. 700, 156 So. 911.

We are further of opinion that the motion for a new trial was overruled without error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.